1

2

3

4

5

6

7

**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**

8  SHERRI ADAMS, TESSA BANKS, DANIA
BARNEY, DONNA BARRETT, STEVEN
9  BRZEZOWSKI, SHERRY CARR, DEVON
CARROW, REYNOLDS CHAMBERLAIN,
10  STEPHEN CHIPP, MARCUS CHRISTIAN,
ANTHONY CICCONE, JOSEPH CLARK,
11  DAN COMO, JAMES CORDONIER,
WINSTON CURRIE, MATTHEW DANIEL,
12  WES DUNCAN, LAUREN DURANT,
ASHLEY ELLERTSON, JANIS EVANS,
13  ELLIOT FELDBAU, ERIC GARDNER,
AMEET GODBOLE, TONEY GREEN,
14  TESSA HENDERSON, SYLVIA HUBBARD,
BOBBY IBARRA, DANIA IMLER, RON
15  JACOBSON, DONNA JACOBSON, CHENEE
JENNINGS, ANTONIA JOHNSON,
16  CHRISTOPHER KELLY, JEFFERY KNERR,
BRAD KUBLIN, EMILY LEE, KYRA
17  LIEBERT, AMIRA LIFSHITZ, CAROLYN
MALONE, KATHRYN MATHIS, KENNETH
18  MCFADDEN, LISA MCGRAIN, RICHARD
MCKENNA, DONNA MCTAGGART,
19  ELENA MENZ, VERONICA MILES,
LINDSEY MORAN, KAYLA NEWTON,
20  LISA OBERT, SAVANAH OBRIEN,
MELISSA PALMA, CHARLES PARODY,
21  NOREEN RACHUBA, LEE REITTER, JOEL
RICHMOND, LIZETTE RIVERA, JEFFREY
22  ROBORECKI, DEBRA ROWLANDS, RIC
SAETTRA, JUSTIN SCHIRRA, TOM
23  SHUEE, JENNIFER SKYLES, RACHEL
SOALE, RANDY SUMAYLO, DANIEL

24

Case No.:  2:20-cv-00370

**CLASS ACTION COMPLAINT FOR
DAMAGES, EQUITABLE,
DECLARATORY AND INJUNCTIVE
RELIEF**

**JURY TRIAL DEMANDED**

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1  TANGUAY, EBONY THOMPSON, RACHEL
2  TORRES, GARY TOUGHILL, ELIZABETH
   VARGAS, STEPHANIE WEIR, SUSAN
3  WELLEN, LINDA WILLIAMS, LYNNTRICA
   WILSON, and GINA WIMSATT, Individually
4  and on Behalf of All Others Similarly Situated,

5          Plaintiffs,

6      vs.

7  WYZE LABS, INC.,

8          Defendant.

9

## CLASS ACTION COMPLAINT

Plaintiffs, individually and on behalf of a class of all persons similarly situated (the "Class" or "Class Members"), bring this class action against Wyze Labs, Inc. ("Defendant" or "Wyze") seeking damages and equitable relief as set forth below.

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action against Defendant for its failure to secure and safeguard their personally identifiable information ("PII").

2.      On December 27, 2019, Defendant confirmed that databases holding its customers' information was exposed to the public. This valuable information was left vulnerable (open and available to anyone)[1] from December 4-26, 2019. The personal information of 2.4 million customers was compromised.

---

[1] *Wyze Essay 1 - Beijing Dragon Network Co Ltd.*, TWELVE SECURITY https://blog.12security.com/wyze/ (last visited Mar. 2, 2020) ("The database is currently live and open. Anyone can access it.")

CLASS ACTION COMPLAINT
Case No.                                    -2-

3.     A breach of this magnitude was reasonably foreseeable to Defendant, especially given that numerous other companies have maintained inadequate data security practices which have resulted in similar prior data breaches and other similar data security incidents.

4.     Even with the prevalence of these incidents, Defendant failed to take warning and failed to take adequate and reasonable measures to secure its customers' PII collected and stored on its databases.

5.     Accordingly, this Class Action Complaint is filed on behalf of all persons in the United States, described more fully in the following sections, whose PII was compromised by the Breach.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members are citizens of a State different from Defendant, there are more than 100 putative class members, and the amount in controversy exceeds $5 million.

7.     This court has personal jurisdiction over the Defendant because Defendant conducts business in this District and the wrongful acts alleged in this Complaint were committed in this District.

8.     Venue is proper under 28 U.S.C. § 1391(a)(1) in that a substantial part of the events or omissions giving rise to the claims in this action occurred in or emanated from this District and Wyze is headquartered in this District.

CLASS ACTION COMPLAINT
Case No.
-3-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

# PARTIES

9.       Plaintiff Sherri Adams is a resident of Newport News, Virginia who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

10.      Plaintiff Tessa Banks is a resident of Bluffdale, Utah who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

11.      Plaintiff Dania Barney is a resident of Grand Prairie, Texas who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

12.      Plaintiff Donna Barrett is a resident of Fresno, California who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

13.      Plaintiff Steven Brzezowski is a resident of Hilton Head Island, South Carolina who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

14.      Plaintiff Sherry Carr is a resident of Raeford, North Carolina who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

15.      Plaintiff Devon Carrow is a resident of King of Prussia, Pennsylvania who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

CLASS ACTION COMPLAINT
Case No.                                                    -4-

16.     Plaintiff Reynolds Chamberlain is a resident of Blackwood, New Jersey who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

17.     Plaintiff Stephen Chipp is a resident of Weidman, Michigan who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

18.     Plaintiff Marcus Christian is a resident of Las Vegas, Nevada who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

19.     Plaintiff Anthony Ciccone is a resident of Johns Creek, Georgia who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

20.     Plaintiff Joseph Clark is a resident of Buffalo, New York who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

21.     Plaintiff Dan Como is a resident of Parkville, Maryland who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

22.     Plaintiff James Cordonier is a resident of Casper, Wyoming who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

23.     Plaintiff Winston Currie is a resident of Stone Mtn, Georgia who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

24.     Plaintiff Matthew Daniel is a resident of Lomita, California who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

25.     Plaintiff Wes Duncan is a resident of Osawatomie, Kansas who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

26.     Plaintiff Lauren Durant is a resident of Delaware, Ohio who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

27.     Plaintiff Ashley Ellertson is a resident of Anacortes, Washington who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

28.     Plaintiff Janis Evans is a resident of Milwaukie, Oregon who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

29.     Plaintiff Elliot Feldbau is a resident of North Easton, Massachusetts who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

CLASS ACTION COMPLAINT
Case No.                                        -6-

1       30.     Plaintiff Eric Gardner is a resident of Smyrna, Delaware who purchased and used

2 a Wyze Camera in their home during the relevant time period, and whose PII was compromised

3 by the Breach.

4       31.     Plaintiff Ameet Godbole is a resident of West Saint Paul, Minnesota who purchased

5 and used a Wyze Camera in their home during the relevant time period, and whose PII was

6 compromised by the Breach.

7       32.     Plaintiff Toney Green is a resident of Benton, Arkansas who purchased and used a

8 Wyze Camera in their home during the relevant time period, and whose PII was compromised by

9 the Breach.

10      33.     Plaintiff Tessa Henderson is a resident of Oxford, Mississippi who purchased and

11 used a Wyze Camera in their home during the relevant time period, and whose PII was

12 compromised by the Breach.

13      34.     Plaintiff Sylvia Hubbard is a resident of Anniston, Alabama who purchased and

14 used a Wyze Camera in their home during the relevant time period, and whose PII was

15 compromised by the Breach.

16      35.     Plaintiff Bobby Ibarra is a resident of Waurika, Oklahoma who purchased and used

17 a Wyze Camera in their home during the relevant time period, and whose PII was compromised

18 by the Breach.

19      36.     Plaintiff Dania Imler is a resident of St. Louis, Missouri who purchased and used a

20 Wyze Camera in their home during the relevant time period, and whose PII was compromised by

21 the Breach.

22

23

24

CLASS ACTION COMPLAINT
Case No.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

37.     Plaintiff Ron Jacobson is a resident of Pardeeville, Wisconsin who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

38.     Plaintiff Donna Jacobson is a resident of Rio, Wisconsin who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

39.     Plaintiff Chenee Jennings is a resident of Louisville, Kentucky who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

40.     Plaintiff Antonia Johnson is a resident of New Haven, Connecticut who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

41.     Plaintiff Christopher Kelly is a resident of Washougal, Washington who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

42.     Plaintiff Jeffery Knerr is a resident of Umatilla, Florida who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

43.     Plaintiff Brad Kublin is a resident of Chicago, Illinois who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

44.     Plaintiff Emily Lee is a resident of Clarksville, Tennessee who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

45.     Plaintiff Kyra Liebert is a resident of Rio Rancho, New Mexico who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

46.     Plaintiff Amira Lifshitz is a resident of Summit, New Jersey who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

47.     Plaintiff Carolyn Malone is a resident of Lamar, Mississippi who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

48.     Plaintiff Kathryn Mathis is a resident of Aurora, Colorado who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

49.     Plaintiff Kenneth McFadden is a resident of Silver Spring, Maryland who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

50.     Plaintiff Lisa McGrain is a resident of Anna, Texas who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

CLASS ACTION COMPLAINT
Case No.
-9-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

51.     Plaintiff Richard Mckenna is a resident of Fernley, Nevada who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

52.     Plaintiff Donna Mctaggart is a resident of Ripley, Maine who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

53.     Plaintiff Elena Menz is a resident of Apple Valley, Minnesota who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

54.     Plaintiff Veronica Miles is a resident of Golden, Colorado who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

55.     Plaintiff Lindsey Moran is a resident of Farmville, Virginia who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

56.     Plaintiff Kayla Newton is a resident of Owenton, Kentucky who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

57.     Plaintiff Lisa Obert is a resident of Aurora, Illinois who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

58.     Plaintiff Savanah Obrien is a resident of Huntington, West Virginia who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

59.     Plaintiff Melissa Palma is a resident of Concord, North Carolina who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

60.     Plaintiff Charles Parody is a resident of Dresden, New York who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

61.     Plaintiff Noreen Rachuba is a resident of Pittsburgh, Pennsylvania who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

62.     Plaintiff Lee Reitter is a resident of Weirton, West Virginia who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

63.     Plaintiff Joel Richmond is a resident of Randolph, Massachusetts who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

64.     Plaintiff Lizette Rivera is a resident of Albuquerque, New Mexico who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

65.    Plaintiff Jeffrey Roborecki is a resident of Mentor, Ohio who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

66.    Plaintiff Debra Rowlands is a resident of Sparta, Tennessee who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

67.    Plaintiff Ric Saettone is a resident of Independence, Missouri who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

68.    Plaintiff Justin Schirra is a resident of Lexington, South Carolina who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

69.    Plaintiff Tom Shuee is a resident of Fortville, Indiana who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

70.    Plaintiff Jennifer Skyles is a resident of Umatilla, Florida who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

71.    Plaintiff Rachel Soale is a resident of Phoenix, Arizona who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

CLASS ACTION COMPLAINT
Case No.
-12-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

72.     Plaintiff Randy Sumaylo is a resident of Wahiawa, Hawaii who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

73.     Plaintiff Daniel Tanguay is a resident of Forest Grove, Oregon who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

74.     Plaintiff Ebony Thompson is a resident of West Bloomfield, Michigan who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

75.     Plaintiff Rachel Torres is a resident of Wahiawa, Hawaii who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

76.     Plaintiff Gary Toughill is a resident of Waddell, Arizona who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

77.     Plaintiff Elizabeth Vargas is a resident of Englewood, Colorado who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

78.     Plaintiff Stephanie Weir is a resident of Rehoboth Beach, Delaware who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

79.     Plaintiff Susan Wellen is a resident of Canon City, Colorado who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

80.     Plaintiff Linda Williams is a resident of Tooele, Utah who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

81.     Plaintiff Lynntrica Wilson is a resident of Gretna, Louisiana who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

82.     Plaintiff Gina Wimsatt is a resident of Latonia, Kentucky who purchased and used a Wyze Camera in their home during the relevant time period, and whose PII was compromised by the Breach.

83.     Defendant Wyze Labs, Inc. is organized under the laws of Delaware and has its principal place of business at 4030 Lake Washington Blvd., Suite 200, Kirkland, WA 98033.

## STATEMENT OF FACTS

84.     Wyze Labs Inc. is a start-up company that produces and sells smart-home products at inexpensive prices. It is well-known for its cameras.

85.     On December 27, 2019, Defendant acknowledged "that some Wyze user data was not properly secured and left exposed from December 4th to December 26th."[2]

86.     This breach was the result of a fast-growing startup company that did not have sufficient data protection protocols in place and allowed human error to compromise its customers' PII. Defendant admits this.

_____

[2] *Wyze Communities*, WYZE, (Dec. 27, 2019) https://forums.wyzecam.com/t/updated-02-13-20-data-leak-12-26-2019/79046.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

> To help manage the extremely fast growth of Wyze, [the company] recently
> initiated a new internal project to find better ways to measure basic business metrics
> like device activations, failed connection rates, etc.
>
> We copied some data from our main production servers and put it into a more
> flexible database that is easier to query. This new data table was protected when it
> was originally created. However, a mistake was made by a Wyze employee on
> December 4th when they were using this database and the previous security
> protocols for this data were removed.[3]

87.    In addition, upon investigating the Breach, Defendant found a second breach that occurred in its security protocols, which the company announced on December 29, 2019.[4]

88.    The data breach leaked Plaintiffs' and Class Members' personal information including:

    a.  User name and email of those who purchased cameras and then connected them to their home;
    b.  Email of any user they ever shared camera access with such as a family member;
    c.  List of all cameras in the home, the nicknames for each camera, device model and firmware;
    d.  WiFi SSID, internal subnet layout, last on time for cameras, last login time from app, last logout time from the app;
    e.  API Tokens for access to the user account from any iOS or Android device;
    f.  Alexa Tokens for 24,000 users who have connected Alexa devices to their Wyze camera;
    g.  Height, Weight, Gender, Bone Density, Bone Mass, Daily Protein Intake, and other health information for a subset of users.[5]

**Defendant's Duty**

89.    Defendant has a duty to its customers to keep their PII secure.

---

[3] *Id.*

[4] *Wyze Communities*, WYZE, (Dec. 29, 2019) https://forums.wyzecam.com/t/updated-02-13-20-data-leak-12-26-2019/79046.

[5] *Wyze Essay 1 - Beijing Dragon Network Co Ltd.*, TWELVE SECURITY https://blog.12security.com/wyze/ (last visited Mar. 2, 2020).

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

90.    Defendant knew that it was a constant target for cybersecurity attacks because of the nature of the technology it employs and hacks related to similar technology, and also knows that safeguarding its customers' PII is vitally important.[6]

91.    Defendant regularly represents itself to have robust security features that would protect its customers PII. For example, when describing one feature of the Wyze Cam, the company states[7]:

Wyze Cam automatically records a 12-second Event Video when it detects motion or sounds. Videos are securely uploaded to the AWS cloud via end-to-end encryption and are accessible for 14 days — no subscription or monthly fees required.



AWS CLOUD



HTTPS SECURE TRANSFER PROTOCOL



UNLIMITED STORAGE

92.    Defendant's culpability is even more pronounced given that it knew its cameras were being used in consumers' homes.

93.    Customers, such as Plaintiffs and the Class, reasonably expect that when they provide PII to a company, the company will safeguard their PII from cybersecurity attacks and hacking.

94.    Operating in the space that it operates within, Defendant is also well aware of the numerous data breaches that have occurred throughout the United States as well as its responsibility for safeguarding its customers' PII.

---

[6] Sandra E. Garcia, *Data Breach at Wyze Labs Exposes Information of 2.4 Million Customers*, N.Y. TIMES (Dec. 30, 2019), https://www.nytimes.com/2019/12/30/business/wyze-security-camera-breach.html.
[7] *Wyze Cam V2*, WYZE, https://wyze.com/wyze-cam.html (last visited Mar. 2, 2020).

CLASS ACTION COMPLAINT
Case No.

-16-

95.    Security standards commonly accepted among businesses that store PII using the internet include, without limitation:

      a.    Maintaining a secure firewall configuration;

      b.    Monitoring for suspicious or irregular traffic to servers;

      c.    Monitoring for suspicious credentials used to access servers;

      d.    Monitoring for suspicious or irregular activity by known users;

      e.    Monitoring for suspicious or unknown users;

      f.    Monitoring for suspicious or irregular server requests;

      g.    Monitoring for server requests for PII;

      h.    Monitoring for server requests from VPNs; and

      i.    Monitoring for server requests from Tor exit nodes.

96.    The U.S. Federal Trade Commission ("F.T.C.") publishes guides for businesses for cybersecurity[8] and protection of PII[9] which includes basic security standards applicable to all types of business.

97.    The F.T.C. recommends that businesses:

      a.    Identify all connections to the computers where you store sensitive information.

      b.    Assess the vulnerability of each connection to commonly known or reasonably foreseeable attacks.

      c.    Do not store sensitive consumer data on any computer with an internet connection unless it is essential for conducting their business.

---

[8] Start with Security: A Guide for Business, F.T.C. (June 2015), https://www.ftc.gov/system/files/documents/plain-language/pdf0205-startwithsecurity.pdf.

[9] Protecting Personal Information: A Guide for Business, F.T.C. (Oct. 2016), https://www.ftc.gov/system/files/documents/plain-language/pdf-0136_proteting-personalinformation.pdf.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

d.  Scan computers on their network to identify and profile the operating system and open network services. If services are not needed, they should be disabled to prevent hacks or other potential security problems. For example, if email service or an internet connection is not necessary on a certain computer, a business should consider closing the ports to those services on that computer to prevent unauthorized access to that machine.

e.  Pay particular attention to the security of their web applications—the software used to give information to visitors to their websites and to retrieve information from them. Web applications may be particularly vulnerable to a variety of hack attacks.

f.  Use a firewall to protect their computers from hacker attacks while it is connected to a network, especially the internet.

g.  Determine whether a border firewall should be installed where the business's network connects to the internet. A border firewall separates the network from the internet and may prevent an attacker from gaining access to a computer on the network where sensitive information is stored. Set access controls—settings that determine which devices and traffic get through the firewall—to allow only trusted devices with a legitimate business need to access the network. Since the protection a firewall provides is only as effective as its access controls, they should be reviewed periodically.

h.  Monitor incoming traffic for signs that someone is trying to hack in. Keep an eye out for activity from new users, multiple log-in attempts from unknown users or computers, and higher-than-average traffic at unusual times of the day.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

i.    Monitor outgoing traffic for signs of a data breach. Watch for unexpectedly large amounts of data being transmitted from their system to an unknown user. If large amounts of information are being transmitted from a business's network, the transmission should be investigated to make sure it is authorized.

98.    Defendant failed to prevent the data breach because it did not adhere to commonly accepted security standards, which include failing to detect that its databases were subject to a security breach.

99.    "[Here], both the company's production databases were left entirely open to the internet."[10] Anyone could gain access to them.

100.    Defendant also did not force a password reset on its customers.[11]

101.    The information disclosed by Defendant's breach is particularly alarming: "because it can give very specific information that can be useful for real-world crime. People regularly name devices in ways that are descriptive for themselves, not expecting them to be publicly known. For example, people might name a camera in a child's room 'Betty's Room.' Information like this can give an attacker information about who is in the house, where they might be and where cameras are going to be placed. All of this can be useful information for people who want to enter the home for malicious purposes."[12]

102.    Defendant's breach also exposed some very sensitive personal and health data.[13]

---

[10] *Wyze Essay 1 - Beijing Dragon Network Co Ltd.*, TWELVE SECURITY https://blog.12security.com/wyze/ (last visited Mar. 2, 2020).

[11] Christopher Budd, *Wyze data leak: Key takeaways from server mistake that exposed information from 2.4M customers*, GEEKWIRE (Dec. 29, 2019), https://www.geekwire.com/2019/wyze-data-leak-key-takeaways-server-mistake-exposed-information-2-4m-customers/.

[12] *Id.*

[13] *Id.*

CLASS ACTION COMPLAINT
Case No.                                    -19-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

103.    Moreover, Defendant only discovered the Breach after an online blog post.[14] This is not sufficient protection when it comes to protecting consumers' PII.

104.    While it is unknown how many individuals accessed, copied, or compromised the Breached data, it is quite clear that it was exposed to the public.

## CLASS ACTION ALLEGATIONS

105.    Plaintiffs bring this complaint on behalf of themselves and the following Class Members ("Nationwide Class"):

> All persons in the United States whose Personally Identifiable Information was present among the data accessed as a result of the data breach disclosed by Defendant on December 27 and 29, 2019.

106.    Plaintiffs Soale and Toughill ("Arizona Plaintiffs") also seek certification of the following state subclass ("Arizona Subclass"):

> All persons residing in Arizona whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

107.    Plaintiffs Toney ("Arkansas Plaintiffs") also seek certification of the following state subclass ("Arkansas Subclass"):

> All persons residing in Arkansas whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

108.    Plaintiffs Mathis, Miles, Vargas, and Wellen ("Colorado Plaintiffs") also seek certification of the following state subclass ("Colorado Subclass"):

> All persons residing in Colorado whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

---

[14] Sandra E. Garcia, *Data Breach at Wyze Labs Exposes Information of 2.4 Million Customers*, N.Y. TIMES (Dec. 30, 2019), https://www.nytimes.com/2019/12/30/business/wyze-security-camera-breach.html.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

109.    Plaintiff Johnson ("Connecticut Plaintiff") also seeks certification of the following state subclass ("Connecticut Subclass"):

>   All persons residing in Connecticut whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

110.    Plaintiffs Gardner and Weir ("Delaware Plaintiffs") also seek certification of the following state subclass ("Delaware Subclass"):

>   All persons residing in Delaware whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

111.    Plaintiffs Knerr and Skyles ("Florida Plaintiffs") also seek certification of the following state subclass ("Florida Subclass"):

>   All persons residing in Florida whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

112.    Plaintiffs Sumaylo and Torres ("Hawaii Plaintiffs") also seek certification of the following state subclass ("Hawaii Subclass"):

>   All persons residing in Hawaii whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

113.    Plaintiffs Kublin and Obert ("Illinois Plaintiffs") also seek certification of the following state subclass ("Illinois Subclass"):

>   All persons residing in Illinois whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

114.    Plaintiff Duncan ("Kansas Plaintiff") also seeks certification of the following state subclass ("Kansas Subclass"):

CLASS ACTION COMPLAINT
Case No.                                          -21-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1          All persons residing in Kansas whose Personally Identifiable Information was
2          present among the data that was accessed as a result of the Breach.

3      115.    Plaintiffs Jennings, Newton, and Wimsatt ("Kentucky Plaintiffs") also seek
4  certification of the following state subclass ("Kentucky Subclass"):

5          All persons residing in Kentucky whose Personally Identifiable Information was
6          present among the data that was accessed as a result of the Breach.

7      116.    Plaintiff Wilson ("Louisiana Plaintiff") also seeks certification of the following
8  state subclass ("Louisiana Subclass"):

9          All persons residing in Louisiana whose Personally Identifiable Information was
10         present among the data that was accessed as a result of the Breach.

11      117.    Plaintiffs Como and McFadden ("Maryland Plaintiffs") also seek certification of
12  the following state subclass ("Maryland Subclass"):

13         All persons residing in Maryland whose Personally Identifiable Information was
14         present among the data that was accessed as a result of the Breach.

15      118.    Plaintiffs Chipp and Thompson ("Michigan Plaintiffs") also seek certification of
16  the following state subclass ("Michigan Subclass"):

17         All persons residing in Michigan whose Personally Identifiable Information was
18         present among the data that was accessed as a result of the Breach.

19      119.    Plaintiffs Godbole and Menz ("Minnesota Plaintiffs") also seek certification of the
20  following state subclass ("Minnesota Subclass"):

21         All persons residing in Minnesota whose Personally Identifiable Information was
22         present among the data that was accessed as a result of the Breach.

23

24

CLASS ACTION COMPLAINT
Case No.

-22-

120.    Plaintiffs Henderson and Malone ("Mississippi Plaintiffs") also seek certification of the following state subclass ("Mississippi Subclass"):

> All persons residing in Mississippi whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

121.    Plaintiffs Imler and Saettone ("Missouri Plaintiffs") also seek certification of the following state subclass ("Missouri Subclass"):

> All persons residing in Missouri whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

122.    Plaintiffs Christian and McKenna ("Nevada Plaintiffs") also seek certification of the following state subclass ("Nevada Subclass"):

> All persons residing in Nevada whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

123.    Plaintiffs Chamberlain and Lifshitz ("New Jersey Plaintiffs") also seek certification of the following state subclass ("New Jersey Subclass"):

> All persons residing in New Jersey whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

124.    Plaintiffs Liebert and Rivera ("New Mexico Plaintiffs") also seek certification of the following state subclass ("New Mexico Subclass"):

> All persons residing in New Mexico whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

125.    Plaintiffs Clark and Parody ("New York Plaintiffs") also seek certification of the following state subclass ("New York Subclass"):

CLASS ACTION COMPLAINT
Case No.

-23-

1           All persons residing in New York whose Personally Identifiable Information was

2           present among the data that was accessed as a result of the Breach.

3      126.   Plaintiffs Carr and Palma ("North Carolina Plaintiffs") also seek certification of the

4 following state subclass ("North Carolina Subclass"):

5           All persons residing in North Carolina whose Personally Identifiable Information

6           was present among the data that was accessed as a result of the Breach.

7      127.   Plaintiffs Durant and Roborecki ("Ohio Plaintiffs") also seek certification of the

8 following state subclass ("Ohio Subclass"):

9           All persons residing in Ohio whose Personally Identifiable Information was present

10          among the data that was accessed as a result of the Breach.

11     128.   Plaintiff Ibarra ("Oklahoma Plaintiff") also seeks certification of the following state

12 subclass ("Oklahoma Subclass"):

13          All persons residing in Oklahoma whose Personally Identifiable Information was

14          present among the data that was accessed as a result of the Breach.

15     129.   Plaintiffs Evans and Tanguay ("Oregon Plaintiffs") also seek certification of the

16 following state subclass ("Oregon Subclass"):

17          All persons residing in Oregon whose Personally Identifiable Information was

18          present among the data that was accessed as a result of the Breach.

19     130.   Plaintiffs Carrow and Rachuba ("Pennsylvania Plaintiffs") also seek certification

20 of the following state subclass ("Pennsylvania Subclass"):

21          All persons residing in Pennsylvania whose Personally Identifiable Information

22          was present among the data that was accessed as a result of the Breach.

23

24

CLASS ACTION COMPLAINT
Case No.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

131.    Plaintiffs Brzezowski and Schirra ("South Carolina Plaintiffs") also seek certification of the following state subclass ("South Carolina Subclass"):

All persons residing in South Carolina whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

132.    Plaintiffs Lee and Rowlands ("Tennessee Plaintiffs") also seek certification of the following state subclass ("Tennessee Subclass"):

All persons residing in Tennessee whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

133.    Plaintiffs Banks and Williams ("Utah Plaintiffs") also seek certification of the following state subclass ("Utah Subclass"):

All persons residing in Utah whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

134.    Plaintiffs Adams and Moran ("Virginia Plaintiffs") also seek certification of the following state subclass ("Virginia Subclass"):

All persons residing in Virginia whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

135.    Plaintiffs Ellertson and Kelly ("Washington Plaintiffs") also seek certification of the following state subclass ("Washington Subclass"):

All persons residing in Washington whose Personally Identifiable Information was present among the data that was accessed as a result of the Breach.

136.    Plaintiffs R. Jacobson and D. Jacobson ("Wisconsin Plaintiffs") also seek certification of the following state subclass ("Wisconsin Subclass"):

CLASS ACTION COMPLAINT
Case No.

-25-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1         All persons residing in Wisconsin whose Personally Identifiable Information was

2         present among the data that was accessed as a result of the Breach.

3        137.   The Class and Subclasses specifically exclude: (a) any persons or other entity

4    currently related to or affiliated with Defendant; (b) any Judge presiding over this action and

5    members of his or her family; and (c) all persons who properly execute and file a timely request

6    for exclusion.

7        138.   Class-wide adjudication of Plaintiffs' claims is appropriate because Plaintiffs can

8    prove the elements of their claims on a class-wide basis using the same evidence as would be used

9    to prove those elements in individual actions asserting the same claims.

10        139.   *Numerosity*: The members of the putative Class, estimated at 2.4 million, are so

11    numerous that joinder of individual claims is impracticable. Members of the Class can be readily

12    identified through Defendant's records.

13        140.   *Commonality*: There are significant questions of fact and law common to the

14    members of the Class. These issues include but are not limited to:

15           a.   Whether Defendant failed to establish appropriate administrative, technical and

16              physical safeguards to ensure the security and confidentiality of records to

17              protect against known and anticipated threats to security;

18           b.   Whether Defendant failed to maintain adequate data security policies,

19              procedures, and practices to secure Plaintiffs' and Class Members' PII;

20           c.   Whether the security provided by Defendant was satisfactory to protect

21              customer information as compared to industry standards;

22           d.   Whether Defendant misrepresented or failed to provide adequate information

23              to customers regarding the type of security practices used;

24

CLASS ACTION COMPLAINT
Case No.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

e.   Whether Defendant's conduct was intentional, willful or negligent;

f.   Whether Defendant violated any and all statutes and/or common law listed herein;

g.   Whether the putative Class suffered damages as a result of Defendant's conduct or omissions; and

h.   Whether Class Members are entitled to injunctive, declarative and monetary relief as a result of Defendant's conduct.

141.   *Typicality*: Plaintiffs' claims are typical of the claims of the putative Class. Plaintiffs and all members of the putative Class have been adversely affected and damaged in that Defendant failed to adequately protect their PII to the detriment of Plaintiffs and the putative Class.

142.   *Adequacy of Representation*: Plaintiffs, as the proposed Class Representatives, will fairly and adequately represent the putative Class because they have the Class Members' best interest in mind, because their individual claims are co-extensive with those of the Class, and because they are represented by qualified counsel experienced in class action litigation of this nature.

143.   *Superiority*: A class action in this instance is superior to other available methods for the fair and efficient adjudication of these claims because individual joinder of the claims of all members of the putative Class is impracticable. Many members of the Class are without the financial resources necessary to pursue this matter. Even if some members of the Class could afford to litigate their claims separately, such a result would be unduly burdensome to the courts in which the individualized cases would proceed. Individual litigation increases the time and expense of resolving a common dispute concerning Defendant's actions toward an entire group of individuals. Class action procedures allow for far fewer management difficulties in matters of this type and

CLASS ACTION COMPLAINT
Case No.                                    -27-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1  provide the unique benefits of unitary adjudication, economies of scale and comprehensive

2  supervision over the entire controversy by a single judge in a single court.

3        144.    The putative Class may be certified pursuant to Rule 23(b)(2) of the Federal Rules

4  of Civil Procedure because Defendant has acted on grounds generally applicable to the putative

5  Class, thereby making final injunctive relief and corresponding declaratory relief appropriate with

6  respect to the claims raised by the Class. The putative Class may also be certified pursuant to Rule

7  23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to

8  Class Members will predominate over questions affecting individual members, and a class action

9  is superior to other methods for fairly and efficiently adjudicating the controversy and causes of

10  action described in this Complaint.

11  **<u>CLAIMS BROUGHT ON BEHALF OF NATIONWIDE CLASS</u>**

12  **<u>COUNT 1</u>**

13  ***BREACH OF IMPLIED CONTRACT***

14        145.    Plaintiffs re-allege, as if fully set forth, the allegations of the preceding paragraphs.

15        146.    Defendant solicited and invited Plaintiffs and the members of the Class to purchase

16  and utilize its products and the related application. Plaintiffs and Class Members accepted

17  Defendant's offers and purchased the cameras and utilized the related application.

18        147.    When Plaintiffs and the Class purchased Defendant's products and set up the

19  application, they were required to, and did, provide their PII to Defendant. In so doing, Plaintiffs

20  and Class Members entered into implied contracts with Defendant pursuant to which Defendant

21  agreed to safeguard and protect such information.

22

23

24

CLASS ACTION COMPLAINT
Case No.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

148.   In entering into such implied contracts, Plaintiffs and Class Members reasonably believed and expected that Defendant's data security practices complied with relevant laws and regulations, and were consistent with industry standards.

149.   Each time a new camera was connected to the Wyze application, Plaintiffs and Class Members completed such task pursuant to the mutually agreed-upon implied contract with Defendant under which Defendant agreed to safeguard and protect Plaintiffs' and Class Members' PII.

150.   Plaintiffs and Class Members would not have provided and entrusted their PII to Defendant in the absence of the implied contract.

151.   Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendant.

152.   Defendant breached the implied contracts they made with Plaintiffs and Class Members by failing to safeguard and protect the PII of Plaintiffs and Class Members.

153.   As a direct and proximate result of Defendant's breaches of the implied contracts between Defendant and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described in detail above.

## COUNT 2

### *NEGLIGENCE*

154.   Plaintiffs re-allege, as if fully set forth, the allegations of the preceding paragraphs.

155.   Upon accepting Plaintiffs' and Class Members' PII in its system, Defendant undertook and owed a duty to Plaintiffs and Class Members to exercise reasonable care to secure and safeguard that information from being compromised, lost, stolen, misused, and or/disclosed to unauthorized parties, and to utilize commercially reasonable methods to do so. This duty included,

CLASS ACTION COMPLAINT
Case No.

-29-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

among other things, designing, maintaining, and testing Defendant's security systems to ensure that Plaintiffs' and the Class Members' PII was adequately secured and protected, and to establish adequate data security policies, procedures, and practices to securely maintain Plaintiffs' and Class Members' PII.

156.    Defendant owed a duty to Plaintiffs and Class Members to provide security consistent with industry standards and requirements, to ensure that its computer systems and networks, and the personnel responsible for them, adequately protected the personal information of Plaintiffs and Class Members

157.    Defendant knew, or should have known, of the risks inherent in collecting and storing the personal information of Plaintiffs and the Class Members and of the critical importance of providing adequate security of that information.

158.    Defendant breached the duties it owed to Plaintiffs and Class Members by failing to exercise reasonable care and implement adequate security systems, protocols, and practices sufficient to protect the PII of Plaintiffs and the Class.

159.    Defendant breached the duties it owed to Plaintiffs and the Class by failing to properly implement technical systems or security policies, procedures, and practices that could have prevented the loss of the data at issue.

160.    Defendant's failure to comply with its legal obligations and with industry standards and regulations, and the delay between the date of intrusion and the date Defendant disclosed the data breach, further evidences Defendant's negligence in failing to exercise reasonable care in safeguarding and protecting Plaintiffs' and Class Members' PII in Defendant's possession.

161.    Defendant knew that Plaintiffs and Class Members were foreseeable victims of a data breach of its system because of laws and statutes that require Defendant to reasonably safeguard such information.

162.    But for Defendant's wrongful and negligent breach of its duties owed to Plaintiffs and Class Members, Plaintiffs and Class Members personal information would not have been compromised.

163.    The injury and harm suffered by Plaintiffs and members of the Class as set forth above was the reasonably foreseeable result of Defendant's failure to exercise reasonable care in safeguarding and protecting Plaintiffs' and Class Members' personal information within Defendant's possession. Defendant knew or should have known that its systems and technologies for processing, securing, and safeguarding Plaintiffs' and Class Members' personal information was inadequate and vulnerable to being breached.

164.    Plaintiffs and Class Members suffered injuries and losses described herein as a direct and proximate result of Defendant's conduct resulting in the data breach, including Defendant's lack of adequate reasonable and industry standard security measures. Had Defendant implemented such adequate and reasonable security measures, Plaintiffs and Class Members would not have suffered the injuries alleged, as the data breach would likely not have occurred.

165.    As a direct and proximate result of Defendant's negligent conduct, Plaintiffs and the Class have suffered injury and the significant risk of harm in the future and are entitled to damages in an amount to be proven at trial.

166.    Defendant also breached its duty to Plaintiffs and Class Members to adequately protect and safeguard this information by knowingly disregarding standard information security

CLASS ACTION COMPLAINT
Case No.                                             -31-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PII.

167.    Through Defendant's acts and omissions described in this Complaint, including Defendant's failure to provide adequate security and its failure to protect Plaintiffs' and Class Members' PII from being foreseeably captured, accessed, disseminated, stolen, and misused, Defendant breached its duty to use reasonable care to adequately protect and secure Plaintiffs' and Class Members' PII during the time it was within Defendant's control.

168.    Upon information and belief, Defendant improperly and inadequately safeguarded the PII of Plaintiffs and Class Members that deviated from standard industry rules, regulations, and practices at the time of the data breach.

169.    Neither Plaintiffs nor Class Members contributed to the Breach and subsequent misuse of their PII as described in this Complaint. As a direct and proximate result of Defendant's negligence, Plaintiffs and the Class sustained actual losses and damages as described in detail above.

## **COUNT 3**

### *NEGLIGENCE PER SE*

170.    Plaintiffs re-allege, as if fully set forth, the allegations of the preceding paragraphs.

171.    The Federal Trade Commission Act (15 U.S.C. § 45) prohibits "unfair …practices in or affecting commerce" including, as interpreted and enforced by the Federal Trade Commission ("FTC"), the unfair act or practice by companies, such as Defendant, of failing to use reasonable measures to protect PII.

CLASS ACTION COMPLAINT
Case No.                                                    -32-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

172.    Pursuant to state laws in at least the following 12 states, Defendant had a duty to those respective states' Class Members to implement and maintain reasonable security procedures and practices to safeguard Plaintiffs' and Class Members' Personal Information:

      a.    Arkansas: Ark. Code § 4-110-104;

      b.    California: Cal Civ. Code § 1798.81.5;

      c.    Connecticut: Conn. Gen. Stat. § 42-471;

      d.    Florida: Fla. Stat. § 501.171(2);

      e.    Georgia: Ga. Code Ann., § 10-1-912;

      f.    Indiana: Ind. Code Ann. § 24-4.9-3-1;

      g.    Maryland: Md. Code Ann., Com. Law § 14-3503;

      h.    Massachusetts: Mass. Gen Laws Ch. 93H, § 3(a);

      i.    Nevada: Nev. Rev. Stat. § 603A.210;

      j.    Oregon: Ore. Rev. Stat. § 646A.622(1);

      k.    Texas: Tex. Bus. & Com. Code Ann. § 521.052(a);

      l.    Utah: Utah Code Ann. § 13-44-201(1)(a).

173.    Defendant breached its duties to Plaintiffs and Class Members under the Federal Trade Commission Act (15 U.S.C. § 45) and the state data security statutes by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiffs' and Class Members' Personal Information.

174.    Defendant's failure to comply with applicable laws and regulations constitutes negligence per se.

175.    But for Defendant's wrongful and negligent breach of its duties owed to Plaintiffs and Class Members, Plaintiffs and Class Members would not have been injured.

CLASS ACTION COMPLAINT
Case No.
-33-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

176.    The injury and harm suffered by Plaintiffs and the Class Members was the reasonably foreseeable result of Defendant's breach of their duties. Defendant knew or should have known that they were failing to meet their duties, and that the Breach would cause Plaintiffs and the Class Members to experience the foreseeable harms associated with the exposure of their PII.

177.    As a direct and proximate result of Defendant's negligent conduct, Plaintiffs and the Class Members have suffered injury and are entitled to damages in an amount to be proven at trial.

### **COUNT 4**

### *BAILMENT*

178.    Plaintiffs re-allege, as if fully set forth, the allegations of the preceding paragraphs.

179.    Plaintiffs and Class Members provided, or authorized disclosure of, their PII to Defendant for the exclusive purpose of utilizing the consumer device and the associated application.

180.    In allowing their personal information to be made available to Defendant, Plaintiffs and Class Members intended and understood that Defendant would adequately safeguard their personal information.

181.    For its own benefit, Defendant accepted possession of Plaintiffs' and Class Members' personal information for the purpose of making available its own services.

182.    By accepting possession of Plaintiffs' and Class Members' personal information, Defendant understood that Plaintiffs and Class Members expected Defendant to adequately safeguard their personal information. Accordingly, a bailment (or deposit) was established for the mutual benefit of the parties. During the bailment (or deposit), Defendant owed a duty to Plaintiffs

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    and Class Members to exercise reasonable care, diligence, and prudence in protecting their

2    personal information.

3         183.    Defendant breached its duty of care by failing to take appropriate measures to

4    safeguard and protect Plaintiffs' and Class Members' personal information, resulting in the

5    unlawful and unauthorized access to and misuse of Plaintiffs' and Class Members' personal

6    information.

7         184.    As a direct and proximate result of Defendant's breach of its duty, Plaintiffs and

8    Class Members suffered consequential damages that were reasonably foreseeable to Defendant,

9    including but not limited to the damages set forth above.

10        185.    As a direct and proximate result of Defendant's breach of its duty, the personal

11   information of Plaintiffs and Class Members entrusted, directly or indirectly, to Defendant during

12   the bailment (or deposit) was damaged and its value diminished.

13                                       **COUNT 5**

14                                  ***INVASION OF PRIVACY***

15        186.    Plaintiffs and the Class Members incorporate by reference each preceding

16   paragraph as though fully set forth at length herein.

17        187.    Defendant invaded Plaintiffs' and the Class Members' right to privacy by allowing

18   the unauthorized access to Plaintiffs' and Class Members' PII and by negligently maintaining the

19   confidentiality of Plaintiffs' and Class Members' PII, as set forth above.

20        188.    The intrusion was offensive and objectionable to Plaintiffs, the Class Members, and

21   to a reasonable person of ordinary sensibilities in that Plaintiffs' and Class Members' PII was

22   disclosed without prior written authorization of Plaintiffs and the Class.

23

24

CLASS ACTION COMPLAINT
Case No.                                        -35-

189.     The intrusion was into a place or thing which was private and is entitled to be private, in that Plaintiffs' and the Class Members provided and disclosed their PII to Defendant privately with an intention that the PII would be kept confidential and protected from unauthorized disclosure. Plaintiffs and the Class Members were reasonable to believe that such information would be kept private and would not be disclosed without their written authorization.

190.     As a proximate result of Defendant's above acts, Plaintiffs' and the Class Members' PII was viewed, printed, distributed, and used by persons without prior written authorization and Plaintiffs and the Class Members suffered damages.

191.     Defendant committed oppression or malice by permitting the unauthorized disclosure of Plaintiffs' and the Class Members' PII with a willful and conscious disregard of Plaintiffs' and the Class Members' right to privacy. Defendant knew its data security policies were not sufficient and still collected Plaintiffs and Class members PII. Given this knowledge, Defendant also knew it would harm Plaintiffs and Class members.

192.     Unless and until enjoined, and restrained by order of this Court, Defendant's wrongful conduct will continue to cause Plaintiffs and the Class Members great and irreparable injury in that the PII maintained by Defendant can be viewed, printed, distributed, and used by unauthorized persons. Plaintiffs and Class Members have no adequate remedy at law for the injuries in that a judgment for the monetary damages will not end the invasion of privacy for Plaintiffs and the Class.

## COUNT 6

### *UNJUST ENRICHMENT*

193.     Plaintiffs and the Class Members incorporate by reference each preceding paragraph as though fully set forth at length herein.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

194.   Plaintiffs and Class members conferred benefits on Defendant by purchasing Defendant's cameras and utilizing the related application.

195.   Defendant has knowledge of such benefits.

196.   Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class Members purchasing of the cameras and utilizing the application. Defendant retaining this money under these circumstances is unjust and inequitable because Defendant's products and application exposed the deeply personal information upon which they were specifically designed to protect. Such conduct caused injuries to Plaintiffs and Class Members because they would not have purchased Defendant's cameras or used the application had they known that the camera and associated application were not properly secured.

197.   Because Defendant's retention of the non-gratuitous benefits conferred on it by Plaintiffs and Class Members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class Members for unjust enrichment, as ordered by the Court.

## COUNT 7

### *DECLARATORY RELIEF*

198.   Plaintiffs and the Class Members incorporate by reference each preceding paragraph as though fully set forth at length herein.

199.   Pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201, *et seq*., and Fed. R. Civ.P. 57, Plaintiffs and Class Members request the Court to enter a judgment declaring, *inter alia*, (i) Defendant owed (and continues to owe) a legal duty to safeguard and protect Plaintiffs' and Class Members' PII, (ii) Defendant breached (and continues to breach) such legal duties by failing to safeguard and protect Plaintiffs' and Class Members' PII, and (iii) Defendant's breach of its

CLASS ACTION COMPLAINT
Case No.
-37-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    legal duties directly and proximately caused the security breach, and the resulting damages, injury,

2    and harm suffered by Plaintiffs and Class Members.

3                                                **COUNT 8**

4                                          *INJUNCTIVE RELIEF*

5          200.    Plaintiffs and the Class Members incorporate by reference each preceding

6    paragraph as though fully set forth at length herein.

7          201.    Defendant's above-described wrongful actions, inaction, omissions, want of

8    ordinary care, and the resulting security breach have caused (and will continue to cause) Plaintiffs

9    and Class Members to suffer irreparable harm in the form of, *inter alia*, economic damages and

10   other injury and actual harm in the form of, *inter alia*, (i) actual identity theft and identity fraud,

11   (ii) invasion of privacy, (iii) loss of the intrinsic value of their privacy, (iv) the financial and

12   temporal cost of monitoring their personal information and accounts, and mitigating their damages,

13   and (v) the imminent, immediate, and continuing increased risk of ongoing identity theft and

14   identity fraud. Such irreparable harm will not cease unless and until enjoined by this Court.

15         202.    Plaintiffs and Class Members, therefore, are entitled to injunctive relief and other

16   appropriate affirmative relief including, *inter alia*, an order compelling Defendant to (i) notify

17   each person whose PII was exposed in the security breach, (ii) provide identity monitoring to each

18   such person for at least six years, (iii) establish a fund (in an amount to be determined) to which

19   such persons may apply for reimbursement of the time and out-of-pocket expenses they incurred

20   to remediate identity theft and/or identity fraud (i.e., data breach insurance), and (iv) discontinue

21   its above-described wrongful actions, inaction, omissions, want of ordinary care, and the resulting

22   security breach.

23

24

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

203.    Plaintiffs and Class Members also are entitled to injunctive relief requiring Defendant to implement and maintain data security measures, policies, procedures, controls, protocols, and software and hardware systems, including, *inter alia*, (i) engaging third-party security auditors/penetration testers and internal security personnel to conduct testing, including simulated attacks, penetration tests, and audits on Defendant's computer systems on a periodic basis, (ii) engaging third-party security auditors and internal personnel to run automated security monitoring, (iii) auditing, testing, and training its security personnel regarding any new or modified procedures, (iv) conducting regular database scanning and security checks, (v) regularly evaluating web applications for vulnerabilities to prevent web application threats, and (vi) periodically conducting internal training and education to inform internal data security personnel how to identify and contain data security lapses.

204.    If an injunction is not issued, Plaintiffs and Class Members will suffer irreparable injury in the event Defendant commits another security lapse, the risk of which is real, immediate, and substantial.

205.    The hardship to Plaintiffs and Class Members if an injunction does not issue exceeds the hardship to Defendant if an injunction is issued. Among other things, if Defendant suffers another massive security lapse, Plaintiffs and Class Members will likely again incur millions of dollars in damages. On the other hand, and setting aside the fact that Defendant has a pre-existing legal obligation to employ adequate customer data security measures, Defendant has a minimal cost to comply with the above-described injunction it is already required to implement.

206.    Issuance of the requested injunction will not disserve the public interest. To the contrary, such an injunction would benefit the public by preventing another security lapse, thereby

CLASS ACTION COMPLAINT
Case No.
-39-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

1   eliminating the damages, injury, and harm that would be suffered by Plaintiffs, Class Members,

2   and the millions of consumers whose confidential and sensitive PII would be compromised.

3   ## CLAIMS ON BEHALF OF THE ARIZONA SUBCLASS

4   ### COUNT 9

5   ### *ARIZONA CONSUMER FRAUD ACT*

6   **Ariz. Rev. Stat. Ann. §§ 44-1521, *et seq.***

7   207.    Arizona Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

8   individually and on behalf of the Arizona Subclass, repeat and allege all previous Paragraphs, as

9   if fully alleged herein.

10  208.    Defendant is a "person" as defined by Ariz. Rev. Stat. Ann. § 44-1521(6).

11  209.    Defendant advertised, offered, or sold goods or services in Arizona and engaged in

12  trade or commerce directly or indirectly affecting the people of Arizona.

13  210.    Defendant engaged in deceptive and unfair acts and practices, misrepresentation,

14  and the concealment, suppression, and omission of material facts affecting the people of Arizona

15  in connection with the sale and advertisement of "merchandise" (as defined in Arizona Consumer

16  Fraud Act, Ariz. Rev. Stat. Ann. § 44-1521(5)) in violation of Ariz. Rev. Stat. Ann. § 44-1522(A),

17  including:

18      a.    Failing to implement and maintain reasonable security and privacy measures to

19          protect Plaintiffs and Arizona Subclass members' Personal Information, which

20          was a direct and proximate cause of the Breach;

21      b.    Failing to identify foreseeable security and privacy risks and remediate

22          identified security and privacy risks, which was a direct and proximate cause of

23          the Breach;

24

CLASS ACTION COMPLAINT
Case No.                                              -40-

    c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Arizona Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

    d.   Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Arizona Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

    e.   Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Arizona Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

    f.   Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Arizona Subclass members' Personal Information; and

    g.   Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Arizona Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

211.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

212.    Defendant intended to mislead Plaintiffs and Arizona Subclass members and induce them to rely on its misrepresentations and omissions.

CLASS ACTION COMPLAINT
Case No.
-41-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

213.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as trustworthy and secure.

214.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

215.    Plaintiffs and Arizona Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

216.    Defendant acted intentionally, knowingly, and maliciously to violate Arizona's Consumer Fraud Act, and recklessly disregarded Plaintiffs and Arizona Subclass members' rights.

217.    As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiffs and Arizona Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

218.    Plaintiffs and Arizona Subclass members seek all monetary and nonmonetary relief allowed by law, including compensatory damages; disgorgement; punitive damages; injunctive relief; and reasonable attorneys' fees and costs.

## CLAIMS ON BEHALF OF THE ARKANSAS SUBCLASS

## COUNT 10

### *ARKANSAS DECEPTIVE TRADE PRACTICES ACT*

### Ark. Code Ann. §§ 4-88-101, *et seq.*

CLASS ACTION COMPLAINT
Case No.
-42-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

219.    Arkansas Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Arkansas Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

220.    Defendant is a "person" as defined by A.C.A. § 4-88-102(5).

221.    Defendant's products and services are "goods" and "services" as defined by A.C.A. §§ 4-88-102(4) and (7).

222.    Defendant advertised, offered, or sold goods or services in Arkansas and engaged in trade or commerce directly or indirectly affecting the people of Arkansas.

223.    The Arkansas Deceptive Trade Practices Act ("ADTPA"), A.C.A. §§ 4-88-101, *et seq.*, prohibits unfair, deceptive, false, and unconscionable trade practices.

224.    Defendant engaged in acts of deception and false pretense in connection with the sale and advertisement of services in violation of A.C.A. § 4-88-1-8(1) and concealment, suppression and omission of material facts, with intent that others rely upon the concealment, suppression or omission in violation of A.C.A. § 4-88-1-8(2), and engaged in the following deceptive and unconscionable trade practices defined in A.C.A. § 4-88-107:

    a.    Knowingly making a false representation as to the characteristics, ingredients, uses, benefits, alterations, source, sponsorship, approval, or certification of goods or services and as to goods being of a particular standard, quality, grade, style, or model;

    b.    Advertising goods or services with the intent not to sell them as advertised;

    c.    Knowingly taking advantage of a consumer who is reasonably unable to protect his or her interest because of ignorance; and

d.   Engaging in other unconscionable, false, or deceptive acts and practices in business, commerce, or trade.

225.   Defendant's unconscionable, false, and deceptive acts and practices include:

a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Arkansas Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.   Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Arkansas Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and the Arkansas Personal Information Protection Act, A.C.A. § 4-110-104(b), which was a direct and proximate cause of the Breach;

d.   Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Arkansas Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.   Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Arkansas Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and the Arkansas Personal Information Protection Act, A.C.A. § 4-110-104(b);

CLASS ACTION COMPLAINT
Case No.

-44-

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Arkansas Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Arkansas Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and the Arkansas Personal Information Protection Act, A.C.A. § 4-110-104(b).

226.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

227.  Defendant intended to mislead Plaintiffs and Arkansas Subclass members and induce them to rely on its misrepresentations and omissions.

228.  Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as trustworthy and secure.

229.  Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

230.  Plaintiffs and Arkansas Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

231.    Defendant acted intentionally, knowingly, and maliciously to violate Arkansas's Deceptive Trade Practices Act, and recklessly disregarded Plaintiffs and Arkansas Subclass members' rights.

232.    As a direct and proximate result of Defendant's unconscionable, unfair, and deceptive acts or practices and Plaintiffs and Arkansas Subclass members' reliance thereon, Plaintiffs and Arkansas Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

233.    Plaintiffs and Arkansas Subclass members seek all monetary and non-monetary relief allowed by law, including actual financial losses; injunctive relief; and reasonable attorneys' fees and costs.

## CLAIMS ON BEHALF OF THE COLORADO SUBCLASS

## COUNT 11

### *COLORADO CONSUMER PROTECTION ACT*

### Colo. Rev. Stat. § 6-1-101, *et seq.*

234.    Colorado Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Colorado Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

235.    Defendant, while operating in Colorado, engaged in deceptive practices in the course of its business, vocation, and occupation, in violation of C.R.S. § 6-1-105. This includes, but is not limited to, the following:

a.   Defendant failed to enact adequate privacy and security measures to protect the Colorado Subclass members' PII from unauthorized disclosure, release, data breaches, and theft, which was a direct and proximate cause of the Data Breach;

b.   Defendant failed to take proper action following known security risks and prior cybersecurity incidents, which was a direct and proximate cause of the Data Breach;

c.   Defendant knowingly and fraudulently misrepresented that they would maintain adequate data privacy and security practices and procedures to safeguard Colorado Subclass members' PII from unauthorized disclosure, release, data breaches, and theft, in violation of Colo. Rev. Stat. §6-1-105(e), (g) and (u);

d.   Defendant knowingly and fraudulently misrepresented that they did and would comply with the requirements of relevant federal and state laws pertaining to the privacy and security of Colorado Subclass members' PII, in violation of Colo. Rev. Stat. §6-1-105(e), (g) and (u);

e.   Defendant knowingly omitted, suppressed, and concealed the inadequacy of the privacy and security protections for Colorado Class members' PII, in violation of Colo. Rev. Stat. §6-1-105(1)(e), (g) and (u);

f.   Defendant failed to maintain the privacy and security of Plaintiffs' and the Colorado Subclass members' PII, in violation of duties imposed by applicable federal and state laws, which was a direct and proximate cause of the Data Breach.

CLASS ACTION COMPLAINT
Case No.
-47-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

236.    As a direct and proximate result of Defendant's practices, Plaintiffs and Colorado Subclass members suffered injuries to legally protected interests, as described above, including their legally protected interest in the confidentiality and privacy of their PII, time and expenses related to monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft, and loss of value of their PII.

237.    The above unfair and deceptive practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to consumers that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

238.    Defendant knew or should have known that data security practices and infrastructure were inadequate to safeguard the PII of Plaintiffs and Colorado Subclass members, and that risk of a data breach or theft was highly likely. Defendant's actions in engaging in the above-named unfair practices and deceptive acts were negligent, knowing and willful, and/or wanton and reckless with respect to the rights of the Colorado Subclass members.

239.    Pursuant to Colo. Rev. Stat. § 6-1-113, Plaintiffs and Colorado Subclass members seek monetary relief against Defendant measured as the greater of (a) actual damages in an amount to be determined at trial and discretionary trebling of such damages, or (b) statutory damages in the amount of $500 for each Plaintiff and each Colorado Subclass member.

240.    Plaintiffs also seek an order enjoining Defendant's unfair, unlawful, and/or deceptive practices, declaratory relief, attorneys' fees, and any other just and proper relief available under the Colorado Consumer Protection Act, Colo. Rev. Stat § 6-1-101, *et seq.*

## CLAIMS ON BEHALF OF THE DELAWARE SUBCLASS

## COUNT 12

1

***DELAWARE CONSUMER FRAUD ACT***

2

**Del. Code Ann. tit. 6, §§ 2511, *et seq.***

3        241.    Delaware Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

4    individually and on behalf of the Delaware Subclass, repeat and allege all previous Paragraphs, as

5    if fully alleged herein.

6        242.    Defendant is a "person" that is involved in the "sale" of "merchandise," as defined

7    by Del. Code Ann. tit. 6, § 2511(7), (8), and (6).

8        243.    Defendant advertised, offered, or sold goods or services in Delaware and engaged

9    in trade or commerce directly or indirectly affecting the people of Delaware.

10        244.    Defendant used and employed deception, fraud, false pretense, false promise,

11    misrepresentation, and the concealment, suppression, and omission of material facts with intent

12    that others rely upon such concealment, suppression and omission, in connection with the sale and

13    advertisement of merchandise, in violation of Del. Code Ann. tit. 6, § 2513(a), including:

14                a.    Failing to implement and maintain reasonable security and privacy measures to

15                      protect Plaintiffs and Delaware Subclass members' Personal Information,

16                      which was a direct and proximate cause of the Breach;

17                b.    Failing to identify foreseeable security and privacy risks and remediate

18                      identified security and privacy risks, which was a direct and proximate cause of

19                      the Breach;

20                c.    Failing to comply with common law and statutory duties pertaining to the

21                      security and privacy of Plaintiffs and Delaware Subclass members' Personal

22                      Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and

23

24

CLASS ACTION COMPLAINT
Case No.
                                        -49-

Delaware's data security statute, Del. Code Ann. tit. 6, § 12B-100, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Delaware Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Delaware Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and Delaware's data security statute, Del. Code Ann. tit. 6, § 12B-100;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Delaware Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Delaware Subclass members' Personal Information, including duties imposed by FTC Act, 15 U.S.C. § 45 and Delaware's data security statute, Del. Code Ann. tit. 6, § 12B-100.

245.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

CLASS ACTION COMPLAINT
Case No.
-50-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

246.    Defendant acted intentionally, knowingly, and maliciously to violate Delaware's Consumer Fraud Act, and recklessly disregarded Plaintiffs and Delaware Subclass members' rights.

247.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and the Delaware Subclass members.

248.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

249.    Plaintiffs and the Delaware Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

250.    Defendant's unlawful trade practices were gross, oppressive, and aggravated, and Defendant breached the trust of Plaintiffs and the Delaware Subclass members.

251.    As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiffs and Delaware Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

252.    Plaintiffs and Delaware Subclass members seek all monetary and nonmonetary relief allowed by law, including damages under Del. Code Ann. tit 6, § 2525 for injury resulting

CLASS ACTION COMPLAINT
Case No.                                                      -51-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    from the direct and natural consequences of Defendant's unlawful conduct; injunctive relief; and

2    reasonable attorneys' fees and costs.

### CLAIMS ON BEHALF OF THE FLORIDA SUBCLASS

### COUNT 13

### *FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT*

### Fla. Stat. §§ 501.201, *et seq.*

7    253.    Florida Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

8    individually and on behalf of the Florida Subclass, repeat and allege all previous Paragraphs, as if

9    fully alleged herein.

10    254.    Plaintiffs and Florida Subclass members are "consumers" as defined by Fla. Stat. §

11    501.203.

12    255.    Defendant advertised, offered, or sold goods or services in Florida and engaged in

13    trade or commerce directly or indirectly affecting the people of Florida.

14    256.    Defendant engaged in unconscionable, unfair, and deceptive acts and practices in

15    the conduct of trade and commerce, in violation of Fla. Stat. § 501.204(1), including:

16        a.    Failing to implement and maintain reasonable security and privacy measures to

17            protect Plaintiffs and Florida Subclass members' Personal Information, which

18            was a direct and proximate cause of the Breach;

19        b.    Failing to identify foreseeable security and privacy risks and remediate

20            identified security and privacy risks, which was a direct and proximate cause of

21            the Breach;

22        c.    Failing to comply with common law and statutory duties pertaining to the

23            security and privacy of Plaintiffs and Florida Subclass members' Personal

24

CLASS ACTION COMPLAINT
Case No.                                        -52-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and Florida's data security statute, F.S.A. § 501.171(2), which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Florida Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Florida Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and Florida's data security statute, F.S.A. § 501.171(2);

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Florida Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Florida Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and Florida's data security statute, F.S.A. § 501.171(2).

257.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

258.  Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure, and Defendant was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and the Florida Subclass members.

259.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

260.    Plaintiffs and Florida Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

261.    As a direct and proximate result of Defendant's unconscionable, unfair, and deceptive acts and practices, Plaintiffs and Florida Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

262.    Plaintiffs and Florida Subclass members seek all monetary and nonmonetary relief allowed by law, including actual or nominal damages under Fla. Stat. § 501.21; declaratory and injunctive relief; reasonable attorneys' fees and costs, under Fla. Stat. § 501.2105(1); and any other relief that is just and proper.

## CLAIMS ON BEHALF OF THE HAWAII SUBCLASS

## COUNT 14

### *HAWAII UNFAIR PRACTICES AND UNFAIR COMPETITION ACT*

**Haw. Rev. Stat. §§ 480-1, *et seq.***

CLASS ACTION COMPLAINT
Case No.
-54-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

263.    Hawaii Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Hawaii Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

264.    Plaintiffs and Hawaii Subclass members are "consumers" as defined by Haw. Rev. Stat. § 480-1.

265.    Plaintiffs, the Hawaii Subclass members, and Defendants are "persons" as defined by Haw. Rev. Stat. § 480-1.

266.    Defendant advertised, offered, or sold goods or services in Hawaii and engaged in trade or commerce directly or indirectly affecting the people of Hawaii.

267.    Defendant engaged in unfair or deceptive acts or practices, misrepresentations, and the concealment, suppression, and omission of material facts with respect to the sale and advertisement of the goods and services purchased by Hawaii Subclass members in violation of Haw. Rev. Stat. § 480-2(a), including:

a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Hawaii Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.    Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Hawaii Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

CLASS ACTION COMPLAINT
Case No.                                          -55-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Hawaii Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Hawaii Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Hawaii Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Hawaii Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

268.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

269.  Defendant intended to mislead Plaintiffs and Hawaii Subclass members and induce them to rely on its misrepresentations and omissions.

270.  The foregoing unlawful and deceptive acts and practices were immoral, unethical, oppressive, and unscrupulous.

CLASS ACTION COMPLAINT
Case No.

-56-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

271. Defendant acted intentionally, knowingly, and maliciously to violate Hawaii's Unfair Practices and Unfair Competition Act, and recklessly disregarded Plaintiffs and Hawaii Subclass members' rights.

272. As a direct and proximate result of Defendant's deceptive acts and practices, Plaintiffs and Hawaii Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and nonmonetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

273. Plaintiffs and Hawaii Subclass members seek all monetary and nonmonetary relief allowed by law, including actual damages, benefit of the bargain damages, treble damages, injunctive relief, and reasonable attorneys' fees and costs.

## COUNT 15

### *HAWAII UNIFORM DECEPTIVE TRADE PRACTICE ACT*

### Haw. Rev. Stat. §§ 481A-3, *et seq.*

274. Hawaii Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Hawaii Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

275. Plaintiffs and Hawaii Subclass members are "persons" as defined by Haw. Rev. Stat. § 481A-2.

276. Defendant engaged in unfair and deceptive trade practices in the conduct of its business, violating Haw. Rev. Stat. § 481A-3, including:

    a. Representing that goods or services have characteristics that they do not have;

CLASS ACTION COMPLAINT
Case No.

-57-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

b. Representing that goods or services are of a particular standard, quality, or grade if they are of another;

c. Advertising goods or services with intent not to sell them as advertised; and

d. Engaging in other conduct that creates a likelihood of confusion or misunderstanding.

277. Defendant's unfair and deceptive trade practices include:

a. Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Hawaii Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b. Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Hawaii Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

d. Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Hawaii Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Hawaii Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

f. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Hawaii Subclass members' Personal Information; and

g. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Hawaii Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

278.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

279.    The above unfair and deceptive practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs and Hawaii Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

280.    As a direct and proximate result of Defendant's unfair, unlawful, and deceptive trade practices, Plaintiffs and Hawaii Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

281.    Plaintiffs and Hawaii Subclass members seek all monetary and nonmonetary relief allowed by law, including injunctive relief, attorneys' fees and costs, and any other relief that the Court deems proper.

CLASS ACTION COMPLAINT
Case No.                                        -59-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

**CLAIMS ON BEHALF OF THE ILLINOIS SUBCLASS**

**COUNT 16**

*ILLINOIS PERSONAL INFORMATION PROTECTION ACT*

**815 Ill. Comp. Stat. 530/10, *et seq.***

282.    Illinois Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Illinois Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

283.    As a publicly held corporation which handles, collects, disseminates, and otherwise deals with nonpublic personal information, Defendant is a Data Collector as defined in 815 Ill. Comp. Stat. 530/5.

284.    Plaintiffs and Illinois Subclass members' PII includes Personal Information as covered under 815 Ill. Comp. Stat. 530/5.

285.    Pursuant to 815 Ill. Comp. Stat. 530/20, a violation of 815 Ill. Comp. Stat. 530/10(a) constitutes an unlawful practice under the Illinois Consumer Fraud and Deceptive Business Practices Act.

286.    As a direct and proximate result of Defendant's violations of 815 Ill. Comp. Stat. 530/10(a), Plaintiffs and Illinois Subclass members suffered damages, as described above.

287.    Plaintiffs and Illinois Subclass members seek relief under 815 Ill. Comp. Stat. 510/3 for the harm they suffered because of Defendant's willful violations of 815 Ill. Comp. Stat. 530/10(a), including actual damages, equitable relief, costs, and attorneys' fees.

**COUNT 17**

*ILLINOIS CONSUMER FRAUD ACT*

**815 Ill. Comp. Stat. 505/1, *et seq.***

CLASS ACTION COMPLAINT
Case No.
-60-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

288.   Illinois Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Illinois Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

289.   Defendant is a "person" as defined by 815 Ill. Comp. Stat. 505/1(c).

290.   Plaintiffs and Illinois Subclass members are "consumers" as defined by 815 Ill. Comp. Stat. 505/1(e).

291.   Defendant's conduct as described herein was in the conduct of "trade" or "commerce" as defined by 815 Ill. Comp. Stat. 505/1(f).

292.   Defendant's deceptive, unfair, and unlawful trade acts or practices, in violation of 815 Ill. Comp. Stat. 505/2, include:

a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Illinois Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.   Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Illinois Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, the Illinois Insurance Information and Privacy Protection Act, 215 Ill. Comp. Stat. 5/1014, and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a), which was a direct and proximate cause of the Breach;

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

d. Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Illinois Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Illinois Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, the Illinois Insurance Information and Privacy Protection Act, 215 Ill. Comp. Stat. 5/1014, and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a);

f. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Illinois Subclass members' Personal Information; and

g. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Illinois Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, the Illinois Insurance Information and Privacy Protection Act, 215 Ill. Comp. Stat. 5/1014, and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a).

293.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

294.    Defendant intended to mislead Plaintiffs and Illinois Subclass members and induce them to rely on its misrepresentations and omissions.

CLASS ACTION COMPLAINT
Case No.                                                    -62-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

295.    The above unfair and deceptive practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury that these consumers could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

296.    Defendant acted intentionally, knowingly, and maliciously to violate Illinois's Consumer Fraud Act, and recklessly disregarded Plaintiffs and Illinois Subclass members' rights.

297.    As a direct and proximate result of Defendant's unfair, unlawful, and deceptive acts and practices, Plaintiffs and Illinois Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

298.    Plaintiffs and Illinois Subclass members seek all monetary and nonmonetary relief allowed by law, including damages, restitution, punitive damages, injunctive relief, and reasonable attorneys' fees and costs.

## **COUNT 18**

### *ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT*

#### **815 Ill. Comp. Stat. 510/2, *et seq.***

299.    Illinois Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Illinois Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

300.    Defendant is a "person" as defined by 815 Ill. Comp. Stat. 510/1(5).

CLASS ACTION COMPLAINT
Case No.                                         -63-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

301.    Defendant engaged in deceptive trade practices in the conduct of its business, in violation of 815 Ill. Comp. Stat. 510/2(a), including:

      a.    Representing that goods or services have characteristics that they do not have;

      b.    Representing that goods or services are of a particular standard, quality, or grade if they are of another;

      c.    Advertising goods or services with intent not to sell them as advertised; and

      d.    Engaging in other conduct that creates a likelihood of confusion or misunderstanding.

302.    Defendant's deceptive trade practices include:

      a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Illinois Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

      b.    Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

      c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Illinois Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, the Illinois Insurance Information and Privacy Protection Act, 215 Ill. Comp. Stat. 5/1014, and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a), which was a direct and proximate cause of the Breach;

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

d.   Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Illinois Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.   Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Illinois Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, the Illinois Insurance Information and Privacy Protection Act, 215 Ill. Comp. Stat. 5/1014, and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a);

f.   Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Illinois Subclass members' Personal Information; and

g.   Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Illinois Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, the Illinois Insurance Information and Privacy Protection Act, 215 Ill. Comp. Stat. 5/1014, and the Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. 510/2(a).

303.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

304.   The above unfair and deceptive practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs and

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    Illinois Subclass members that they could not reasonably avoid; this substantial injury outweighed

2    any benefits to consumers or to competition.

3        305.    As a direct and proximate result of Defendant's unfair, unlawful, and deceptive

4    trade practices, Plaintiffs and Illinois Subclass members have suffered and will continue to suffer

5    injury, ascertainable losses of money or property, and monetary and non-monetary damages,

6    including from fraud and identity theft; time and expenses related to monitoring their financial

7    accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss

8    of value of their Personal Information.

9        306.    Plaintiffs and Illinois Subclass members seek all monetary and nonmonetary relief

10   allowed by law, including injunctive relief and reasonable attorney's fees.

11                      **CLAIMS ON BEHALF OF THE KANSAS SUBCLASS**

12                                    **COUNT 19**

13                        ***KANSAS CONSUMER PROTECTION ACT***

14                        **Kan. Stat. Ann.  §§ 50-623, *et seq.***

15       307.    Kansas Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

16   individually and on behalf of the Kansas Subclass, repeat and allege all previous Paragraphs, as if

17   fully alleged herein.

18       308.    730. Kan. Stat. Ann.  §§ 50-623, *et seq.* is to be liberally construed to protect

19   consumers from suppliers who commit deceptive and unconscionable practices.

20       309.    Plaintiffs and Kansas Subclass members are "consumers" as defined by Kan. Stat.

21   Ann. § 50-624(b).

22       310.    The acts and practices described herein are "consumer transactions," as defined by

23   Kan. Stat. Ann. § 50-624(c).

24

CLASS ACTION COMPLAINT
Case No.                                          -66-

311. Defendant is a "supplier" as defined by Kan. Stat. Ann. § 50-624(l).

312. Defendant advertised, offered, or sold goods or services in Kansas and engaged in trade or commerce directly or indirectly affecting the people of Kansas.

313. Defendant engaged in deceptive and unfair acts or practices, including:

    a. Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Kansas Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

    b. Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

    c. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Kansas Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, Kansas's identity fraud statute, and the Wayne Owen Act, Kan. Stat. Ann. § 50-6,139b, which was a direct and proximate cause of the Breach;

    d. Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Kansas Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

    e. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Kansas Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, Kansas's identity fraud statute, and the Wayne Owen Act, Kan. Stat. Ann. § 50-6,139b;

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

f.   Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Kansas Subclass members' Personal Information; and

g.   Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Kansas Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, Kansas's identity fraud statute, and the Wayne Owen Act, Kan. Stat. Ann. § 50-6,139b.

314.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

315.   Defendant intended to mislead Plaintiffs and Kansas Subclass members and induce them to rely on its misrepresentations and omissions.

316.   Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and Kansas Subclass members.

317.   Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

318.   Plaintiffs and Kansas Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

319.    Defendant also engaged in unconscionable acts and practices in connection with a consumer transaction, in violation of Kan. Stat. Ann. § 50-627, including:

        a.    Knowingly taking advantage of the inability of Plaintiffs and Kansas Subclass members to reasonably protect their interests, due to their lack of knowledge (Kan. Stat. Ann. § 50-627(b)(1)); and

        b.    Requiring Plaintiffs and Kansas Subclass members to enter into a consumer transaction on terms that Defendant knew were substantially one-sided in favor of Defendant (Kan. Stat. Ann. § 50-627(b)(5)).

320.    Plaintiffs and Kansas Subclass members had unequal bargaining power with respect to their ability to control the security and confidentiality of their Personal Information in Defendant's possession.

321.    The above unfair, deceptive, and unconscionable practices and acts by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs and Kansas Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

322.    Defendant acted intentionally, knowingly, and maliciously to violate Kansas's Consumer Protection Act, and recklessly disregarded Plaintiffs and Kansas Subclass members' rights.

323.    As a direct and proximate result of Defendant's unfair, deceptive, and unconscionable trade practices, Plaintiffs and Kansas Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to

CLASS ACTION COMPLAINT
Case No.                                                                    -69-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud

2    and identity theft; and loss of value of their Personal Information.

3        324.    Plaintiffs and Kansas Subclass members seek all monetary and nonmonetary relief

4    allowed by law, including civil penalties or actual damages (whichever is greater), under Kan. Stat.

5    Ann. §§ 50-634 and 50-636; injunctive relief; and reasonable attorneys' fees and costs.

6                    <u>**CLAIMS ON BEHALF OF THE KENTUCKY SUBCLASS**</u>

7                                    <u>**COUNT 20**</u>

8                        ***KENTUCKY CONSUMER PROTECTION ACT***

9                          **Ky. Rev. Stat. §§ 367.110, *et seq.***

10       325.    Kentucky Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

11   individually and on behalf of the Kentucky Subclass, repeat and allege all previous Paragraphs, as

12   if fully alleged herein.

13       326.    Defendant is a "person" as defined by Ky. Rev. Stat. § 367.110(1).

14       327.    Defendant advertised, offered, or sold goods or services in Kentucky and engaged

15   in trade or commerce directly or indirectly affecting the people of Kentucky, as defined by Ky.

16   Rev. Stat. 367.110(2).

17       328.    Defendant engaged in unfair, false, misleading, deceptive, and unconscionable acts

18   or practices, in violation of Ky. Rev. Stat. § 367.170, including:

19           a.   Failing to implement and maintain reasonable security and privacy measures to

20               protect Plaintiffs and Kentucky Subclass members' Personal Information,

21               which was a direct and proximate cause of the Breach;

22

23

24

CLASS ACTION COMPLAINT
Case No.
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Kentucky Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Kentucky Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Kentucky Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Kentucky Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Kentucky Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

CLASS ACTION COMPLAINT
Case No.
-71-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

329.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

330.    Defendant intended to mislead Plaintiffs and Kentucky Subclass members and induce them to rely on its misrepresentations and omissions.

331.    Plaintiffs and Kentucky Subclass members' purchased goods or services for personal, family, or household purposes and suffered ascertainable losses of money or property as a result of Defendant's unlawful acts and practices.

332.    The above unlawful acts and practices by Defendant were immoral, unethical, oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs and Kentucky Subclass members that they could not reasonably avoid; this substantial injury outweighed any benefits to consumers or to competition.

333.    Defendant acted intentionally, knowingly, and maliciously to violate Kentucky's Consumer Protection Act, and recklessly disregarded Plaintiffs and Kentucky Subclass members' rights.

334.    As a direct and proximate result of Defendant's unlawful acts and practices, Plaintiffs and Kentucky Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

335.    Plaintiffs and Kentucky Subclass members seek all monetary and nonmonetary relief allowed by law, including damages, punitive damages, restitution or other equitable relief, injunctive relief, and reasonable attorneys' fees and costs.

### CLAIMS ON BEHALF OF THE LOUISIANA SUBCLASS

### COUNT 21

*LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW*

**La. Stat. Ann. §§ 51:1401,** *et seq.*

336.    Louisiana Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Louisiana Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

337.    Defendant, Plaintiffs, and the Louisiana Subclass members are "persons" within the meaning of La. Rev. Stat. Ann. § 51:1402(8).

338.    Plaintiffs and Louisiana Subclass members are "consumers" within the meaning of La. Rev. Stat. Ann. § 51:1402(1).

339.    Defendant engaged in "trade" or "commerce" within the meaning of La. Rev. Stat. Ann. § 51:1402(10).

340.    The Louisiana Unfair Trade Practices and Consumer Protection Law ("Louisiana CPL") makes unlawful "unfair or deceptive acts or practices in the conduct of any trade or commerce." La. Rev. Stat. Ann. § 51:1405(A). Unfair acts are those that offend established public policy, while deceptive acts are practices that amount to fraud, deceit, or misrepresentation.

341.    Defendant participated in unfair and deceptive acts and practices that violated the Louisiana CPL, including:

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Louisiana Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Louisiana Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Louisiana Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Louisiana Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Louisiana Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

CLASS ACTION COMPLAINT
Case No.
-74-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    Plaintiffs and Louisiana Subclass members' Personal Information, including

2    duties imposed by the FTC Act, 15 U.S.C. § 45.

3    342.    Defendant's representations and omissions were material because they were likely

4    to deceive reasonable consumers about the adequacy of Defendant's data security and ability to

5    protect the confidentiality of consumers' Personal Information.

6    343.    Defendant intended to mislead Plaintiffs and Louisiana Subclass members and

7    induce them to rely on its misrepresentations and omissions.

8    344.    Defendant's unfair and deceptive acts and practices were immoral, unethical,

9    oppressive, and unscrupulous. These acts caused substantial injury to Plaintiffs and Louisiana

10   Subclass members that they could not reasonably avoid; this substantial injury outweighed any

11   benefits to consumers or to competition.

12   345.    Defendant acted intentionally, knowingly, and maliciously to violate the Louisiana

13   CPL and recklessly disregarded Plaintiffs and Louisiana Subclass members' rights.

14   346.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems

15   were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in

16   business and it would have been forced to adopt reasonable data security measures and comply

17   with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and

18   valuable Personal Information regarding millions of consumers, including Plaintiffs and Louisiana

19   Subclass members.

20   347.    Defendant accepted the responsibility of being a "steward of data" while keeping

21   the inadequate state of its security controls secret from the public.

22   348.    Plaintiffs and Louisiana Subclass members acted reasonably in relying on

23   Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

24

CLASS ACTION COMPLAINT
Case No.

-75-

349.    As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiffs and Louisiana Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

350.    Plaintiffs and Louisiana Subclass members seek all monetary and nonmonetary relief allowed by law, including actual damages; treble damages for Defendant's knowing violations of the Louisiana CPL; declaratory relief; attorneys' fees; and any other relief that is just and proper.

## CLAIMS ON BEHALF OF THE MARYLAND SUBCLASS

## COUNT 22

### *MARYLAND CONSUMER PROTECTION ACT*

**Md. Code Ann., Com. Law §§ 13-301, *et seq.***

351.    Maryland Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Maryland Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

352.    Defendant is a person as defined by Md. Comm. Code § 13-101(h).

353.    Defendant's conduct as alleged herein related to "sales," "offers for sale," or "bailment" as defined by Md. Comm. Code § 13-101(i) and § 13-303.

354.    Maryland Subclass members are "consumers" as defined by Md. Comm. Code § 13-101(c).

CLASS ACTION COMPLAINT
Case No.
-76-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

355.     Defendant' advertises, offers, or sells "consumer goods" or "consumer services" as defined by Md. Comm. Code § 13-101(d).

356.     Defendant advertised, offered, or sold goods or services in Maryland and engaged in trade or commerce directly or indirectly affecting the people of Maryland.

357.     Defendant engaged in unfair and deceptive trade practices, in violation of Md. Comm. Code § 13-301, including:

      a.  False or misleading oral or written representations that have the capacity, tendency, or effect of deceiving or misleading consumers;

      b.  Representing that consumer goods or services have a characteristic that they do not have;

      c.  Representing that consumer goods or services are of a particular standard, quality, or grade that they are not;

      d.  Failing to state a material fact where the failure deceives or tends to deceive;

      e.  Advertising or offering consumer goods or services without intent to sell, lease, or rent them as advertised or offered; and

      f.  Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the promotion or sale of consumer goods or services or the subsequent performance with respect to an agreement, sale lease or rental.

358.     Defendant engaged in these unfair and deceptive trade practices in connection with offering for sale or selling consumer goods or services or with respect to the extension of consumer credit, in violation of Md. Comm. Code § 13- 303, including:

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

    a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Maryland Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

    b.   Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

    c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Maryland Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and the Maryland Personal Information Protection Act, Md. Comm. Code § 14-3503, which was a direct and proximate cause of the Breach;

    d.   Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Maryland Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

    e.   Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Maryland Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and the Maryland Personal Information Protection Act, Md. Comm. Code § 14-3503;

    f.   Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Maryland Subclass members' Personal Information; and

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

g. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Maryland Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and the Maryland Personal Information Protection Act, Md. Comm. Code § 14-3503.

359. Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information. Defendant's misrepresentations and omissions would have been important to a significant number of consumers in making their purchase decisions.

360. Defendant intended to mislead Plaintiffs and Maryland Subclass members and induce them to rely on its misrepresentations and omissions.

361. Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and Maryland Subclass members.

362. Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

363. Plaintiffs and Maryland Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

CLASS ACTION COMPLAINT
Case No.

-79-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

364.    Defendant acted intentionally, knowingly, and maliciously to violate Maryland's Consumer Protection Act, and recklessly disregarded Plaintiffs and Maryland Subclass members' rights.

365.    As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiffs and Maryland Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

366.    Plaintiffs and Maryland Subclass members seek all monetary and nonmonetary relief allowed by law, including damages, disgorgement, injunctive relief, and attorneys' fees and costs.

## CLAIMS ON BEHALF OF THE MICHIGAN SUBCLASS

## COUNT 23

### *MICHIGAN CONSUMER PROTECTION ACT*

**Mich. Comp. Laws Ann. §§ 445.903, *et seq.***

367.    Michigan Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Michigan Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

368.    Defendant and Michigan Subclass members are "persons" as defined by Mich. Comp. Laws Ann. § 445.903(d).

CLASS ACTION COMPLAINT
Case No.                                            -80-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

369.    Defendant advertised, offered, or sold goods or services in Michigan and engaged in trade or commerce directly or indirectly affecting the people of Michigan, as defined by Mich. Comp. Laws Ann. § 445.903(g).

370.    Defendant engaged in unfair, unconscionable, and deceptive practices in the conduct of trade and commerce, in violation of Mich. Comp. Laws Ann. § 445.903(1), including:

   a.   Representing that its goods and services have characteristics, uses, and benefits that they do not have, in violation of Mich. Comp. Laws Ann. § 445.903(1)(c);

   b.   Representing that its goods and services are of a particular standard or quality if they are of another in violation of Mich. Comp. Laws Ann. § 445.903(1)(e);

   c.   Making a representation or statement of fact material to the transaction such that a person reasonably believes the represented or suggested state of affairs to be other than it actually is, in violation of Mich. Comp. Laws Ann. § 445.903(1)(bb); and

   d.   Failing to reveal facts that are material to the transaction in light of representations of fact made in a positive matter, in violation of Mich. Comp. Laws Ann. § 445.903(1)(cc).

371.    Defendant's unfair, unconscionable, and deceptive practices include:

   a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Michigan Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

   b.   Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Michigan Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Michigan Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Michigan Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Michigan Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Michigan Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

372.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

373.  Defendant intended to mislead Plaintiffs and Michigan Subclass members and induce them to rely on its misrepresentations and omissions.

CLASS ACTION COMPLAINT
Case No.
-82-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

374.    Defendant acted intentionally, knowingly, and maliciously to violate Michigan's Consumer Protection Act, and recklessly disregarded Plaintiffs and Michigan Subclass members' rights.

375.    As a direct and proximate result of Defendant's unfair, unconscionable, and deceptive practices, Plaintiffs and Michigan Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

376.    Plaintiffs and Michigan Subclass members seek all monetary and nonmonetary relief allowed by law, including the greater of actual damages or $250, injunctive relief, and any other relief that is just and proper.

## CLAIMS ON BEHALF OF THE MINNESOTA SUBCLASS

## COUNT 24

### *MINNESOTA CONSUMER FRAUD ACT*

**Minn. Stat. §§ 325F.68, *et seq.* and Minn. Stat. §§ 8.31, *et seq.***

377.    Minnesota Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Minnesota Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

378.    Defendant, Plaintiff, and members of the Minnesota Subclass are each a "person" as defined by Minn. Stat. § 325F.68(3).

379.    Defendant's goods, services, commodities, and intangibles are "merchandise" as defined by Minn. Stat. § 325F.68(2).

CLASS ACTION COMPLAINT
Case No.
-83-

380.    Defendant engaged in "sales" as defined by Minn. Stat. § 325F.68(4).

381.    Defendant engaged in fraud, false pretense, false promise, misrepresentation, misleading statements, and deceptive practices in connection with the sale of merchandise, in violation of Minn. Stat. § 325F.69(1), including:

   a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Minnesota Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

   b.   Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

   c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Minnesota Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

   d.   Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Minnesota Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

   e.   Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Minnesota Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.   Omitting, suppressing, and concealing the material fact that it did not
     reasonably or adequately secure Plaintiffs and Minnesota Subclass members'
     Personal Information; and

g.   Omitting, suppressing, and concealing the material fact that it did not comply
     with common law and statutory duties pertaining to the security and privacy of
     Plaintiffs and Minnesota Subclass members' Personal Information, including
     duties imposed by the FTC Act, 15 U.S.C. § 45.

382.   Defendant's representations and omissions were material because they were likely
to deceive reasonable consumers about the adequacy of Defendant's data security and ability to
protect the confidentiality of consumers' Personal Information.

383.   Defendant intended to mislead Plaintiffs and Minnesota Subclass members and
induce them to rely on its misrepresentations and omissions.

384.   Defendant's fraudulent, misleading, and deceptive practices affected the public
interest, including millions of consumers, including Plaintiffs and Minnesota Subclass members,
affected by the Breach.

385.   As a direct and proximate result of Defendant's fraudulent, misleading, and
deceptive practices, Plaintiffs and Minnesota Subclass members have suffered and will continue
to suffer injury, ascertainable losses of money or property, and monetary and non-monetary
damages, including from fraud and identity theft; time and expenses related to monitoring their
financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft;
and loss of value of their Personal Information.

CLASS ACTION COMPLAINT
Case No.                                    -85-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

386.    Plaintiffs and Minnesota Subclass members seek all monetary and nonmonetary relief allowed by law, including damages; injunctive or other equitable relief; and attorneys' fees, disbursements, and costs.

## COUNT 25

### MINNESOTA UNIFORM DECEPTIVE TRADE PRACTICES ACT

### Minn. Stat. §§ 325D.43, *et seq.*

387.    Minnesota Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Minnesota Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

388.    By engaging in deceptive trade practices in the course of its business and vocation, directly or indirectly affecting the people of Minnesota, Defendant violated Minn. Stat. § 325D.44, including the following provisions:

    a.    Representing that its goods and services had characteristics, uses, and benefits that they did not have, in violation of Minn. Stat. § 325D.44(1)(5);

    b.    Representing that goods and services are of a particular standard or quality when they are of another, in violation of Minn. Stat. § 325D.44(1)(7);

    c.    Advertising goods and services with intent not to sell them as advertised, in violation of Minn. Stat. § 325D.44(1)(9); and

    d.    Engaging in other conduct which similarly creates a likelihood of confusion or misunderstanding, in violation of Minn. Stat. § 325D.44(1)(13).

389.    Defendant's deceptive practices include:

a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Minnesota Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.   Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Minnesota Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.   Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Minnesota Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.   Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Minnesota Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.   Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Minnesota Subclass members' Personal Information; and

g.   Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    Plaintiffs and Minnesota Subclass members' Personal Information, including

2    duties imposed by the FTC Act, 15 U.S.C. § 45.

3    390.    Defendant's representations and omissions were material because they were likely

4    to deceive reasonable consumers about the adequacy of Defendant's data security and ability to

5    protect the confidentiality of consumers' Personal Information.

6    391.    Defendant intended to mislead Plaintiffs and Minnesota Subclass members and

7    induce them to rely on its misrepresentations and omissions.

8    392.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems

9    were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in

10    business and it would have been forced to adopt reasonable data security measures and comply

11    with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and

12    valuable Personal Information regarding millions of consumers, including Plaintiffs and

13    Minnesota Subclass members.

14    393.    Defendant accepted the responsibility of being a "steward of data" while keeping

15    the inadequate state of its security controls secret from the public.

16    394.    Plaintiffs and Minnesota Subclass members acted reasonably in relying on

17    Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

18    395.    Defendant acted intentionally, knowingly, and maliciously to violate Minnesota's

19    Uniform Deceptive Trade Practices Act, and recklessly disregarded Plaintiffs and Minnesota

20    Subclass members' rights.

21    396.    As a direct and proximate result of Defendant's deceptive trade practices, Plaintiffs

22    and Minnesota Subclass members have suffered and will continue to suffer injury, ascertainable

23    losses of money or property, and monetary and non-monetary damages, including from fraud and

24

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

1    identity theft; time and expenses related to monitoring their financial accounts for fraudulent

2    activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal

3    Information

4    397.    Plaintiffs and Minnesota Subclass members seek all monetary and nonmonetary

5    relief allowed by law, including injunctive relief and attorneys' fees and costs.

6    <u>**CLAIMS ON BEHALF OF THE MISSISSIPPI SUBCLASS**</u>

7    <u>**COUNT 26**</u>

8    ***MISSISSIPPI CONSUMER PROTECTION ACT***

9    **Miss. Code Ann. §§ 75-24-1, *et seq.***

10    398.    Mississippi Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

11    individually and on behalf of the Mississippi Subclass, repeat and allege all previous Paragraphs,

12    as if fully alleged herein.

13    399.    Defendant is a "person," as defined by Miss. Code Ann. § 75-24-3.

14    400.    Defendant advertised, offered, or sold goods or services in Mississippi and engaged

15    in trade or commerce directly or indirectly affecting the people of Mississippi, as defined by Miss.

16    Code Ann. § 75-24-3.

17    401.    Defendant engaged in unfair and deceptive trade acts or practices, including:

18    a.    Failing to implement and maintain reasonable security and privacy measures to

19    protect Plaintiffs and Mississippi Subclass members' Personal Information,

20    which was a direct and proximate cause of the Breach;

21    b.    Failing to identify foreseeable security and privacy risks and remediate

22    identified security and privacy risks, which was a direct and proximate cause of

23    the Breach;

24

CLASS ACTION COMPLAINT
Case No.                                                    -89-

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Mississippi Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Mississippi Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Mississippi Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Mississippi Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Mississippi Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

402.  The above-described conduct violated Miss. Code Ann. § 75-24-5(2), including:

a.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have;

CLASS ACTION COMPLAINT
Case No.

-90-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

      b.   Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

      c.   Advertising goods or services with intent not to sell them as advertised.

403.   Defendant intended to mislead Plaintiffs and Mississippi Subclass members and induce them to rely on its misrepresentations and omissions.

404.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

405.   Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and Mississippi Subclass members.

406.   Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

407.   Plaintiffs and Mississippi Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

408.   Defendant had a duty to disclose the above-described facts due to the circumstances of this case, the sensitivity and the extensive nature of the Personal Information in its possession, and the generally accepted professional standards. In addition, such a duty is implied by law due to the nature of the relationship between consumers—including Plaintiffs and Mississippi Subclass

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

members—and Defendant, because consumers are unable to fully protect their interests with regard to their data, and placed trust and confidence in Defendant.

409.  Defendant's duty to disclose also arose from its:

    a.  Possession of exclusive knowledge regarding the security of the data in its systems;

    b.  Active concealment of the state of its security; and/or

    c.  Incomplete representations about the security and integrity of its computer and data systems, and its prior data breaches, while purposefully withholding material facts from Plaintiffs and Mississippi Subclass members that contradicted these representations.

410.  Defendant acted intentionally, knowingly, and maliciously to violate Mississippi's Consumer Protection Act, and recklessly disregarded Plaintiffs and Mississippi Subclass members' rights.

411.  As a direct and proximate result of Defendant's unfair and deceptive acts or practices and Plaintiffs and Mississippi Subclass members' purchase of goods or services primarily for personal, family, or household purposes, Plaintiffs and Mississippi Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

412.  Defendant's violations present a continuing risk to Plaintiffs and Mississippi Subclass members as well as to the general public.

CLASS ACTION COMPLAINT
Case No.
-92-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

413.    Plaintiffs and Mississippi Subclass members seek all monetary and non-monetary relief allowed by law, including actual damages, restitution and other relief under Miss. Code § 75-24-11, injunctive relief, punitive damages, and reasonable attorneys' fees and costs.

## CLAIMS ON BEHALF OF THE MISSOURI SUBCLASS

### COUNT 27

#### MISSOURI MERCHANDISE PRACTICES ACT

#### Mo. Rev. Stat. §§ 407.010, *et seq.*

414.    Missouri Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Missouri Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

415.    Defendant is a "person" as defined by Mo. Rev. Stat. § 407.010(5).

416.    Defendant advertised, offered, or sold goods or services in Missouri and engaged in trade or commerce directly or indirectly affecting the people of Missouri, as defined by Mo. Rev. Stat. § 407.010(4), (6) and (7).

417.    Plaintiffs and Missouri Subclass members purchased or leased goods or services primarily for personal, family, or household purposes.

418.    Defendant engaged in unlawful, unfair, and deceptive acts and practices, in connection with the sale or advertisement of merchandise in trade or commerce, in violation of Mo. Rev. Stat. § 407.020(1), including:

    a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Missouri Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Missouri Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Missouri Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Missouri Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Missouri Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Missouri Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

CLASS ACTION COMPLAINT
Case No.
-94-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

419.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

420.    Defendant intended to mislead Plaintiffs and Missouri Subclass members and induce them to rely on its misrepresentations and omissions.

421.    Defendant acted intentionally, knowingly, and maliciously to violate Missouri's Merchandise Practices Act, and recklessly disregarded Plaintiffs and Missouri Subclass members' rights.

422.    As a direct and proximate result of Defendant's unlawful, unfair, and deceptive acts and practices, Plaintiffs and Missouri Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

423.    Plaintiffs and Missouri Subclass members seek all monetary and non-monetary relief allowed by law, including actual damages, punitive damages, attorneys' fees and costs, injunctive relief, and any other appropriate relief.

## CLAIMS ON BEHALF OF THE NEVADA SUBCLASS

## COUNT 28

### *NEVADA DECEPTIVE TRADE PRACTICES ACT*

### Nev. Rev. Stat. Ann. §§ 598.0903, *et seq.*

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

424.     Nevada Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Nevada Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

425.     Defendant advertised, offered, or sold goods or services in Nevada and engaged in trade or commerce directly or indirectly affecting the people of Nevada.

426.     Defendant engaged in deceptive trade practices in the course of its business or occupation, in violation of Nev. Rev. Stat. §§ 598.0915 and 598.0923, including:

    a.   Knowingly making a false representation as to the characteristics, uses, and benefits of goods or services for sale in violation of Nev. Rev. Stat. § 598.0915(5);

    b.   Representing that goods or services for sale are of a particular standard, quality, or grade when Defendant knew or should have known that they are of another standard, quality, or grade in violation of Nev. Rev. Stat. § 598.0915(7);

    c.   Advertising goods or services with intent not to sell them as advertised in violation of Nev. Rev. Stat § 598.0915(9);

    d.   Failing to disclose a material fact in connection with the sale of goods or services in violation of Nev. Rev. Stat. § 598.0923(A)(2); and

    e.   Violating state and federal statutes or regulations relating to the sale of goods or services in violation of Nev. Rev. Stat. § 598.0923(A)(3).

427.     Defendant's deceptive trade practices in the course of its business or occupation include:

CLASS ACTION COMPLAINT
Case No.
-96-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Nevada Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Nevada Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and Nevada's data security statute, Nev. Rev. Stat. § 603A.210, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Nevada Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Nevada Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and Nevada's data security statute, Nev. Rev. Stat. § 603A.210;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Nevada Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

CLASS ACTION COMPLAINT
Case No.                                        -97-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1            Plaintiffs and Subclass members' Personal Information, including duties

2            imposed by the FTC Act, 15 U.S.C. § 45 and Nevada's data security statute,

3            Nev. Rev. Stat. § 603A.210.

4        428.    Defendant's representations and omissions were material because they were likely

5    to deceive reasonable consumers about the adequacy of Defendant's data security and ability to

6    protect the confidentiality of consumers' Personal Information.

7        429.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems

8    were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in

9    business and it would have been forced to adopt reasonable data security measures and comply

10    with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and

11    valuable Personal Information regarding millions of consumers, including Plaintiffs and Nevada

12    Subclass members.

13        430.    Defendant accepted the responsibility of being a "steward of data" while keeping

14    the inadequate state of its security controls secret from the public.

15        431.    Plaintiffs and Nevada Subclass members acted reasonably in relying on

16    Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

17        432.    Defendant acted intentionally, knowingly, and maliciously to violate Nevada's

18    Deceptive Trade Practices Act, and recklessly disregarded Plaintiffs and Nevada Subclass

19    members' rights.

20        433.    As a direct and proximate result of Defendant's deceptive trade practices, Plaintiffs

21    and Nevada Subclass members have suffered and will continue to suffer injury, ascertainable

22    losses of money or property, and monetary and nonmonetary damages, including from fraud and

23    identity theft; time and expenses related to monitoring their financial accounts for fraudulent

24

CLASS ACTION COMPLAINT
Case No.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

1  activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal

2  Information.

3  434.    Plaintiffs and Nevada Subclass members seek all monetary and non-monetary relief

4  allowed by law, including damages, punitive damages, and attorneys' fees and costs.

5  **CLAIMS ON BEHALF OF THE NEW JERSEY SUBCLASS**

6  **COUNT 29**

7  ***NEW JERSEY CONSUMER FRAUD ACT***

8  **N.J. Stat. Ann. §§ 56:8-1, *et seq.***

9  435.    New Jersey Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

10  individually and on behalf of the New Jersey Subclass, repeat and allege all previous Paragraphs,

11  as if fully alleged herein.

12  436.    Defendant is a "person," as defined by N.J. Stat. Ann. § 56:8-1(d).

13  437.    Defendant sells "merchandise," as defined by N.J. Stat. Ann. § 56:8-1(c) & (e).

14  438.    The New Jersey Consumer Fraud Act, N.J. Stat. §§ 56:8-1, *et seq.*, prohibits

15  unconscionable commercial practices, deception, fraud, false pretense, false promise,

16  misrepresentation, as well as the knowing concealment, suppression, or omission of any material

17  fact with the intent that others rely on the concealment, omission, or fact, in connection with the

18  sale or advertisement of any merchandise.

19  439.    Defendant's unconscionable and deceptive practices include:

20       a.   Failing to implement and maintain reasonable security and privacy measures to

21            protect Plaintiffs and New Jersey Subclass members' Personal Information,

22            which was a direct and proximate cause of the Breach;

23

24

CLASS ACTION COMPLAINT
Case No.                          -99-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and New Jersey Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and New Jersey Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and New Jersey Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and New Jersey Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

CLASS ACTION COMPLAINT
Case No.
-100-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

440.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

441.    Defendant intended to mislead Plaintiffs and New Jersey Subclass members and induce them to rely on its misrepresentations and omissions.

442.    Defendant acted intentionally, knowingly, and maliciously to violate New Jersey's Consumer Fraud Act, and recklessly disregarded Plaintiffs and New Jersey Subclass members' rights.

443.    As a direct and proximate result of Defendant's unconscionable and deceptive practices, Plaintiffs and New Jersey Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

444.    Plaintiffs and New Jersey Subclass members seek all monetary and non-monetary relief allowed by law, including injunctive relief, other equitable relief, actual damages, treble damages, restitution, and attorneys' fees, filing fees, and costs.

## CLAIMS ON BEHALF OF THE NEW MEXICO SUBCLASS

## COUNT 30

### *VIOLATIONS OF NEW MEXICO UNFAIR PRACTICES ACT*

**N.M. Stat. Ann. §§ 57-12-2, *et seq.***

CLASS ACTION COMPLAINT
Case No.
-101-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

445.   New Mexico Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the New Mexico Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

446.   Defendant is a "person" as meant by N.M. Stat. Ann. § 57-12-2.

447.   Defendant was engaged in "trade" and "commerce" as meant by N.M. Stat. Ann. § 57-12-2(C) when engaging in the conduct alleged.

448.   The New Mexico Unfair Practices Act, N.M. Stat. Ann. §§ 57-12-2, *et seq.*, prohibits both unfair or deceptive trade practices and unconscionable trade practices in the conduct of any trade or commerce.

449.   Defendant is engaged in unconscionable, unfair, and deceptive acts and practices in connection with the sale of goods or services in the regular course of its trade or commerce, including the following:

   a.   knowingly representing that its goods and services have characteristics, benefits, or qualities that they do not have, in violation of N.M. Stat. Ann. § 57-12-2(D)(5);

   b.   knowingly representing that its goods and services are of a particular standard or quality when they are of another in violation of N.M. Stat. Ann. § 57-12-2(D)(7);

   c.   knowingly using exaggeration, innuendo, or ambiguity as to a material fact or failing to state a material fact where doing so deceives or tends to deceive in violation of N.M. Stat. Ann. § 57-12-2(D)(14);

CLASS ACTION COMPLAINT
Case No.
-102-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

d.  taking advantage of the lack of knowledge, experience, or capacity of its consumers to a grossly unfair degree to Plaintiffs and New Mexico Subclass members' detriment in violation of N.M. Stat. Ann. § 57-2-12(E)(1); and

e.  performing these acts and practices in a way that results in a gross disparity between the value received by Plaintiffs and New Mexico Subclass and the price paid, to their detriment, in violation of N.M. Stat. Ann. § 57-2-12(E)(2).

450.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

451.  Defendant intended to mislead Plaintiffs and New Mexico Subclass members and induce them to rely on its misrepresentations and omissions.

452.  Defendant acted intentionally, knowingly, and maliciously to violate New Mexico's Unfair Practices Act, and recklessly disregarded Plaintiffs and New Mexico Subclass members' rights.

453.  As a direct and proximate result of Defendant's unconscionable and deceptive practices, Plaintiffs and New Mexico Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

454.  Plaintiffs and New Mexico Subclass members seek all monetary and non-monetary relief allowed by law, including injunctive relief, actual damages or statutory damages of $100

(whichever is greater), treble damages or statutory damages of $300 (whichever is greater), and reasonable attorneys' fees and costs.

## CLAIMS ON BEHALF OF THE NEW YORK SUBCLASS

### COUNT 31

*NEW YORK GENERAL BUSINESS LAW*

**N.Y. Gen. Bus. Law §§ 349,** *et seq.*

455.    New York Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the New York Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

456.    Defendant engaged in deceptive acts or practices in the conduct of its business, trade, and commerce or furnishing of services, in violation of N.Y. Gen. Bus. Law § 349, including:

      a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and New York Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

      b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

      c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and New York Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 which was a direct and proximate cause of the Breach;

CLASS ACTION COMPLAINT
Case No.
-104-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and New York Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and New York Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and New York Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

457.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

458.  Defendant acted intentionally, knowingly, and maliciously to violate New York's General Business Law, and recklessly disregarded Plaintiffs and New York Subclass members' rights.

459.  As a direct and proximate result of Defendant's deceptive and unlawful acts and practices, Plaintiffs and New York Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages,

CLASS ACTION COMPLAINT
Case No.

-105-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    including from fraud and identity theft; time and expenses related to monitoring their financial

2    accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss

3    of value of their Personal Information.

4        460.    Defendant's deceptive and unlawful acts and practices complained of herein

5    affected the public interest and consumers at large, including the millions of consumers, including

6    Plaintiffs and New York Subclass members affected by the Breach.

7        461.    The above deceptive and unlawful practices and acts by Defendant caused

8    substantial injury to Plaintiffs and New York Subclass members that they could not reasonably

9    avoid.

10        462.    Plaintiffs and New York Subclass members seek all monetary and non-monetary

11    relief allowed by law, including actual damages or statutory damages of $50 (whichever is greater),

12    treble damages, injunctive relief, and attorney's fees and costs.

13    **CLAIMS ON BEHALF OF THE NORTH CAROLINA SUBCLASS**

14    **COUNT 32**

15    ***NORTH CAROLINA UNFAIR TRADE PRACTICES ACT***

16    **N.C. Gen. Stat. Ann. §§ 75-1.1, *et seq.***

17        463.    North Carolina Plaintiff(s) identified above ("Plaintiffs," for purposes of this

18    Count), individually and on behalf of the North Carolina Subclass, repeat and allege all previous

19    Paragraphs, as if fully alleged herein.

20        464.    Defendant advertised, offered, or sold goods or services in North Carolina and

21    engaged in trade or commerce directly or indirectly affecting the people of North Carolina, as

22    defined by N.C. Gen. Stat. Ann. § 75-1.1(b).

23

24

CLASS ACTION COMPLAINT
Case No.                                                                  -106-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

a.  Defendant engaged in unfair and deceptive acts and practices in or affecting commerce, in violation of N.C. Gen. Stat. Ann. § 75-1.1, including:

b.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and North Carolina Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

c.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

d.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and North Carolina Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

e.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and North Carolina Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

f.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and North Carolina Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

g.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and North Carolina Subclass members' Personal Information; and

CLASS ACTION COMPLAINT
Case No.

-107-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

h.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and North Carolina Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

465.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

466.  Defendant intended to mislead Plaintiffs and North Carolina Subclass members and induce them to rely on its misrepresentations and omissions.

467.  Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and North Carolina Subclass members.

468.  Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

469.  Plaintiffs and North Carolina Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

470.  Defendant acted intentionally, knowingly, and maliciously to violate North Carolina's Unfair Trade Practices Act, and recklessly disregarded Plaintiffs and North Carolina Subclass members' rights.

CLASS ACTION COMPLAINT
Case No.

-108-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

471.     As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiffs and North Carolina Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

472.     Defendant's conduct as alleged herein was continuous, such that after the first violations of the provisions pled herein, each week that the violations continued constitute separate offenses pursuant to N.C. Gen. Stat. Ann. § 75-8.

473.     Plaintiffs and North Carolina Subclass members seek all monetary and non-monetary relief allowed by law, including actual damages, treble damages, and attorneys' fees and costs.

## CLAIMS ON BEHALF OF THE OHIO SUBCLASS

## COUNT 33

### *OHIO CONSUMER SALES PRACTICES ACT*

**Ohio Rev. Code Ann. §§ 1345.01, *et seq.***

474.     Ohio Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Ohio Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

475.     Plaintiffs and Ohio Subclass members are "persons," as defined by Ohio Rev. Code § 1345.01(B).

476.     Defendant was a "supplier" engaged in "consumer transactions," as defined by Ohio Rev. Code §§ 1345.01(A) & (C).

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

477.    Defendant advertised, offered, or sold goods or services in Ohio and engaged in trade or commerce directly or indirectly affecting the people of Ohio.

478.    Defendant engaged in unfair and deceptive acts and practices in connection with a consumer transaction in violation of Ohio Rev. Code §§ 1345.02, including:

479.    Defendant represented that its goods, services, and intangibles had performance characteristics, uses, and benefits that it did not have, in violation of Ohio Rev. Code § 1345.02(B)(1); and

480.    Defendant represented that its goods, services, and intangibles were of a particular standard or quality when they were not, in violation of Ohio Rev. Code § 1345(B)(2).

481.    Defendant engaged in unconscionable acts and practices in connection with a consumer transaction, in violation of Ohio Rev. Code Ann. § 1345.03, including:

    a.    Knowingly taking advantage of the inability of Plaintiffs and Ohio Subclass to reasonably protect their interest because of their ignorance of the issues discussed herein (Ohio Rev. Code Ann. § 1345.03(B)(1)); and

    b.    Requiring Plaintiffs and Ohio Subclass to enter into a consumer transaction on terms that Defendant knew were substantially one-sided in favor of Defendant (Ohio Rev. Code Ann. § 1345.03(B)(5)).

482.    Defendant's unfair, deceptive, and unconscionable acts and practices include:

    a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Ohio Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

b. Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Ohio Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

d. Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Ohio Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Ohio Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f. Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Ohio Subclass members' Personal Information; and

g. Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Ohio Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

483. Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

CLASS ACTION COMPLAINT
Case No.

-111-

484.    Defendant intended to mislead Plaintiffs and Ohio Subclass members and induce them to rely on its misrepresentations and omissions.

485.    Defendant acted intentionally, knowingly, and maliciously to violate Ohio's Consumer Sales Practices Act, and recklessly disregarded Plaintiffs and Ohio Subclass members' rights.

486.    Defendant's unfair, deceptive, and unconscionable acts and practices complained of herein affected the public interest, including the millions of consumers, including Plaintiffs and Ohio Subclass members, affected by the Breach.

487.    As a direct and proximate result of Defendant's unfair, deceptive, and unconscionable acts and practices, Plaintiffs and Ohio Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

488.    Plaintiffs and Ohio Subclass members seek all monetary and nonmonetary relief allowed by law, including declaratory and injunctive relief, the greater of actual and treble damages or statutory damages, attorneys' fees and costs, and any other appropriate relief.

## COUNT 34

### *OHIO DECEPTIVE TRADE PRACTICES ACT*

**Ohio Rev. Code Ann. §§ 4165.01, *et seq.***

489.    Ohio Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Ohio Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

490.    Defendant, Plaintiffs, and Ohio Subclass members are all "persons," as defined by Ohio Rev. Code § 4165.01(D).

491.    Defendant advertised, offered, or sold goods or services in Ohio and engaged in trade or commerce directly or indirectly affecting the people of Ohio.

492.    Defendant engaged in deceptive trade practices in the course of its business and vocation, in violation of Ohio Rev. Code § 4165.02, including:

   a.   Representing that its goods and services have characteristics, uses, benefits, or qualities that they do not have, in violation of Ohio Rev. Code § 4165.02(A)(7);

   b.   Representing that its goods and services are of a particular standard or quality when they are of another, in violation of Ohio Rev. Code § 4165.02(A)(9); and

   c.   Advertising its goods and services with intent not to sell them as advertised, in violation of Ohio Rev. Code § 4165.02(A)(11).

493.    Defendant's deceptive trade practices include:

   a.   Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Ohio Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

   b.   Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

   c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Ohio Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Ohio Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Ohio Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Ohio Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Ohio Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

494.  Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

495.  Defendant intended to mislead Plaintiffs and Ohio Subclass members and induce them to rely on its misrepresentations and omissions.

496.  Defendant acted intentionally, knowingly, and maliciously to violate Ohio's Deceptive Trade Practices Act, and recklessly disregarded Plaintiffs and Ohio Subclass members' rights.

CLASS ACTION COMPLAINT
Case No.
-114-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

497.    As a direct and proximate result of Defendant's deceptive trade practices, Plaintiffs and Ohio Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and nonmonetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

498.    Plaintiffs and Ohio Subclass members seek all monetary and nonmonetary relief allowed by law, including injunctive relief, actual damages, attorneys' fees, and any other relief that is just and proper.

## CLAIMS ON BEHALF OF THE OKLAHOMA SUBCLASS

## COUNT 35

### *OKLAHOMA CONSUMER PROTECTION ACT*

**Okla. Stat. tit. 15, §§ 751,** *et seq.*

499.    Oklahoma Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Oklahoma Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

500.    Defendant is a "person," as meant by Okla. Stat. tit. 15, § 752(1).

501.    Defendant's advertisements, offers of sale, sales, and distribution of goods, services, and other things of value constituted "consumer transactions" as meant by Okla. Stat. tit. 15, § 752(2).

502.    Defendant, in the course of its business, engaged in unlawful practices in violation of Okla. Stat. tit. 15, § 753, including the following:

CLASS ACTION COMPLAINT
Case No.
-115-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

a. Making false representations, knowingly or with reason to know, as to the characteristics, uses, and benefits of the subjects of its consumer transactions, in violation of Okla. Stat. tit. 15, § 753(5);

b. Representing, knowingly or with reason to know, that the subjects of its consumer transactions were of a particular standard when they were of another, in violation of Okla. Stat. tit 15, § 753(7);

c. Advertising, knowingly or with reason to know, the subjects of its consumer transactions with intent not to sell as advertised, in violation of Okla. Stat. tit 15, § 753 (8);

d. Committing unfair trade practices that offend established public policy and was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers as defined by section 752(14), in violation of Okla. Stat. tit. 15, § 753(20); and

e. Committing deceptive trade practices that deceived or could reasonably be expected to deceive or mislead a person to the detriment of that person as defined by section 752(13), in violation of Okla. Stat. tit. 15, § 753(20).

503. Defendant's unlawful practices include:

a. Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Oklahoma Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b. Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1        c.   Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Oklahoma Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

        d.   Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Oklahoma Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

        e.   Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Oklahoma Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

        f.   Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Oklahoma Subclass members' Personal Information; and

        g.   Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Oklahoma Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

504.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

505.    Defendant intended to mislead Plaintiffs and Oklahoma Subclass members and induce them to rely on its misrepresentations and omissions.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

506.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and Oklahoma Subclass members.

507.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

508.    Plaintiffs and Oklahoma Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

509.    The above unlawful practices and acts by Defendant were immoral, unethical, oppressive, unscrupulous, and substantially injurious. These acts caused substantial injury to Plaintiffs and Oklahoma Subclass members.

510.    Defendant acted intentionally, knowingly, and maliciously to violate Oklahoma's Consumer Protection Act, and recklessly disregarded Plaintiffs and Oklahoma Subclass members' rights.

511.    As a direct and proximate result of Defendant's unlawful practices, Plaintiffs and Oklahoma Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and nonmonetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

512.    Plaintiffs and Oklahoma Subclass members seek all monetary and nonmonetary relief allowed by law, including actual damages, civil penalties, and attorneys' fees and costs.

CLASS ACTION COMPLAINT
Case No.
-118-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

## CLAIMS ON BEHALF OF THE OREGON SUBCLASS

## COUNT 36

### *OREGON UNLAWFUL TRADE PRACTICES ACT*

#### Or. Rev. Stat. §§ 646.608, *et seq.*

513.    Oregon Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Oregon Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

514.    Defendant is a "person," as defined by Or. Rev. Stat. § 646.605(4).

515.    Defendant engaged in the sale of "goods and services," as defined by Or. Rev. Stat. § 646.605(6)(a).

516.    Defendant sold "goods or services," as defined by Or. Rev. Stat. § 646.605(6)(a).

517.    Defendant advertised, offered, or sold goods or services in Oregon and engaged in trade or commerce directly or indirectly affecting the people of Oregon.

518.    Defendant engaged in unlawful practices in the course of its business and occupation, in violation of Or. Rev. Stat. § 646.608, included the following:

    a.    Representing that its goods and services have approval, characteristics, uses, benefits, and qualities that they do not have, in violation of Or. Rev. Stat. § 646.608(1)(e);

    b.    Representing that its goods and services are of a particular standard or quality if they are of another, in violation of Or. Rev. Stat. § 646.608(1)(g);

    c.    Advertising its goods or services with intent not to provide them as advertised, in violation of Or. Rev. Stat. §646.608(1)(i); and

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA 98040
TEL.: (206) 625-1326

d.  Concurrent with tender or delivery of its goods and services, failing to disclose any known material defect, in violation of Or. Rev. Stat. § 646.608(1)(t).

519.  Defendant's unlawful practices include:

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Oregon Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Oregon Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and Oregon's Consumer Identity Theft Protection Act, Or. Rev. Stat. §§ 646A.600, *et seq.*, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Oregon Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Oregon Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and Oregon's Consumer Identity Theft Protection Act, Or. Rev. Stat. §§ 646A.600, *et seq.*;

CLASS ACTION COMPLAINT
Case No.
-120-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Oregon Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Oregon Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and Oregon's Consumer Identity Theft Protection Act, Or. Rev. Stat. §§ 646A.600, *et seq.*

520.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

521.    Defendant intended to mislead Plaintiffs and Oregon Subclass members and induce them to rely on its misrepresentations and omissions.

522.    Had Defendant disclosed to Plaintiffs and subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and Oregon Subclass members.

523.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

524.    Plaintiffs and Oregon Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

525.    Defendant acted intentionally, knowingly, and maliciously to violate Oregon's Unlawful Trade Practices Act, and recklessly disregarded Plaintiffs and Oregon Subclass members' rights.

526.    As a direct and proximate result of Defendant's unlawful practices, Plaintiffs and Oregon Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

527.    Plaintiffs and Oregon Subclass members seek all monetary and nonmonetary relief allowed by law, including equitable relief, actual damages or statutory damages of $200 per violation (whichever is greater), punitive damages, and reasonable attorneys' fees and costs.

## CLAIMS ON BEHALF OF THE PENNSYLVANIA SUBCLASS

## COUNT 37

### *PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW*

### 73 Pa. Cons. Stat. §§ 201-2 & 201-3, *et seq.*

528.    Pennsylvania Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Pennsylvania Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

529.    Defendant is a "person" as meant by 73 Pa. Cons. Stat. § 201-2(2).

530.    Plaintiffs and Pennsylvania Subclass members purchased goods and services in "trade" and "commerce," as meant by 73 Pa. Cons. Stat. § 201-2(3), primarily for personal, family, and/or household purposes.

CLASS ACTION COMPLAINT
Case No.
-122-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

531.    Defendant Pennsylvania engaged in unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade and commerce in violation of 73 Pa. Cons. Stat. Ann. § 201-3, including the following:

    a.    Representing that its goods and services have characteristics, uses, benefits, and qualities that they do not have (73 Pa. Stat. Ann. § 201-2(4)(v));

    b.    Representing that its goods and services are of a particular standard or quality if they are another (73 Pa. Stat. Ann. § 201- 2(4)(vii)); and

    c.    Advertising its goods and services with intent not to sell them as advertised (73 Pa. Stat. Ann. § 201-2(4)(ix)).

532.    Defendant's unfair or deceptive acts and practices include:

    a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Pennsylvania Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

    b.    Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

    c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Pennsylvania Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

    d.    Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Pennsylvania Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

CLASS ACTION COMPLAINT
Case No.

-123-

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Pennsylvania Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Pennsylvania Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Pennsylvania Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

533.   Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

534.   Defendant intended to mislead Plaintiffs and Pennsylvania Subclass members and induce them to rely on its misrepresentations and omissions.

535.   Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and Pennsylvania Subclass members.

CLASS ACTION COMPLAINT
Case No.
-124-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

536.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

537.    Plaintiffs and Pennsylvania Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

538.    Defendant acted intentionally, knowingly, and maliciously to violate Pennsylvania's Unfair Trade Practices and Consumer Protection Law, and recklessly disregarded Plaintiffs and Pennsylvania Subclass members' rights.

539.    As a direct and proximate result of Defendant's unfair methods of competition and unfair or deceptive acts or practices and Plaintiffs' and the Pennsylvania Subclass' reliance on them, Plaintiffs and Pennsylvania Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

540.    Plaintiffs and Pennsylvania Subclass members seek all monetary and non-monetary relief allowed by law, including actual damages or statutory damages of $100 (whichever is greater), treble damages, attorneys' fees and costs, and any additional relief the Court deems necessary or proper.

## CLAIMS ON BEHALF OF THE SOUTH CAROLINA SUBCLASS

## COUNT 38

### *SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT*

### *S.C. Code Ann. §§ 39-5-10, et seq.*

541.    South Carolina Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the South Carolina Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

542.    Defendant is a "person," as defined by S.C. Code Ann. § 39-5-10(a).

543.    South Carolina's Unfair Trade Practices Act (SC UTPA) prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce." S.C. Code Ann. § 39-5-20.

544.    Defendant advertised, offered, or sold goods or services in South Carolina and engaged in trade or commerce directly or indirectly affecting the people of South Carolina, as defined by S.C. Code Ann. § 39-5-10(b).

545.    Defendant engaged in unfair and deceptive acts and practices, including:

    a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and South Carolina Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

    b.    Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

    c.    Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and South Carolina Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

    d.    Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and South Carolina Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

CLASS ACTION COMPLAINT
Case No.
-126-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

e.    Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and South Carolina Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.    Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and South Carolina Subclass members' Personal Information; and

g.    Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and South Carolina Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

546.    Defendant's acts and practices had, and continue to have, the tendency or capacity to deceive.

547.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

548.    Defendant intended to mislead Plaintiffs and South Carolina Subclass members and induce them to rely on its misrepresentations and omissions.

549.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and

CLASS ACTION COMPLAINT
Case No.                                    -127-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

valuable Personal Information regarding millions of consumers, including Plaintiffs and South Carolina Subclass members.

550.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

551.    Plaintiffs and South Carolina Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

552.    Defendant had a duty to disclose the above-described facts due to the circumstances of this case, the sensitivity and extensiveness of the Personal Information in its possession, and the generally accepted professional standards.

553.    Such a duty is also implied by law due to the nature of the relationship between consumers—including Plaintiffs and South Carolina Subclass—and Defendant, because consumers are unable to fully protect their interests with regard to the Personal Information in Defendant's possession, and place trust and confidence in Defendant.

554.    Defendant's duty to disclose also arose from its:

    a.    Possession of exclusive knowledge regarding the security of the data in its systems;

    b.    Active concealment of the state of its security; and/or

    c.    Incomplete representations about the security and integrity of its computer and data systems, while purposefully withholding material facts from Plaintiffs and South Carolina Subclass that contradicted these representations.

555.    Defendant's business acts and practices offend an established public policy, or are immoral, unethical, or oppressive. Defendant's acts and practices offend established public policies that seek to protect consumers' Personal Information and ensure that entities entrusted

CLASS ACTION COMPLAINT
Case No.
-128-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

with Personal Information use appropriate security measures. These public policies are reflected in laws such as the FTC Act, 15 U.S.C. § 45 and the South Carolina Data Breach Security Act, S.C. Code § 39-1-90, *et seq.*

556.   Defendant's unfair and deceptive acts or practices adversely affected the public interest because such acts or practices have the potential for repetition; Defendant engages in such acts or practices as a general rule; and such acts or practices impact the public at large.

557.   Defendant's unfair and deceptive acts or practices have the potential for repetition and will likely continue to occur if left undeterred. Additionally, Defendant's policies and procedures, such as its security practices, create the potential for recurrence of the complained-of business acts and practices.

558.   Defendant's violations present a continuing risk to Plaintiffs and South Carolina Subclass members as well as to the general public.

559.   Defendant intended to mislead Plaintiffs and South Carolina Subclass members and induce them to rely on its misrepresentations and omissions.

560.   Defendant acted intentionally, knowingly, and maliciously to violate South Carolina's Unfair Trade Practices Act, and recklessly disregarded Plaintiffs and South Carolina Subclass members' rights.

561.   In light of this conduct, punitive damages would serve the interest of society in punishing and warning others not to engage in such conduct, and would deter Defendant and others from committing similar conduct in the future.

562.   As a direct and proximate result of Defendant's unfair and deceptive acts or practices, Plaintiffs and South Carolina Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages,

CLASS ACTION COMPLAINT
Case No.
-129-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    including from fraud and identity theft; time and expenses related to monitoring their financial

2    accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss

3    of value of their Personal Information.

4        563.    Plaintiffs and South Carolina Subclass members seek all monetary and non-

5    monetary relief allowed by law, including damages for their economic losses; treble damages;

6    punitive damages; injunctive relief; and reasonable attorneys' fees.

7        **CLAIMS ON BEHALF OF THE TENNESSEE SUBCLASS**

8        **COUNT 39**

9        ***TENNESSEE CONSUMER PROTECTION ACT***

10       **Tenn. Code Ann. §§ 47-18-101, *et seq.***

11       564.    Tennessee Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

12   individually and on behalf of the Tennessee Subclass, repeat and allege all previous Paragraphs,

13   as if fully alleged herein.

14       565.    Defendant is a "person," as defined by Tenn. Code § 47-18-103(13).

15       566.    Plaintiffs and Tennessee Subclass members are "consumers," as meant by Tenn.

16   Code § 47-18-103(2).

17       567.    Defendant advertised and sold "goods" or "services" in "consumer transaction[s],"

18   as defined by Tenn. Code §§ 47-18-103(7), (18) & (19).

19       568.    Defendant advertised, offered, or sold goods or services in Tennessee and engaged

20   in trade or commerce directly or indirectly affecting the people of Tennessee, as defined by Tenn.

21   Code §§ 47-18-103(7), (18) & (19). And Defendant's acts or practices affected the conduct of

22   trade or commerce, under Tenn. Code § 47-18-104.

23       569.    Defendant's unfair and deceptive acts and practices include:

24

CLASS ACTION COMPLAINT
Case No.                                    -130-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Tennessee Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Tennessee Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Tennessee Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Tennessee Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Tennessee Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1  Plaintiffs and Subclass members' Personal Information, including duties

2  imposed by the FTC Act, 15 U.S.C. § 45.

3  570.    Defendant intended to mislead Plaintiffs and Tennessee Subclass members and

4  induce them to rely on its misrepresentations and omissions.

5  571.    Defendant's representations and omissions were material because they were likely

6  to deceive reasonable consumers about the adequacy of Defendant's data security and ability to

7  protect the confidentiality of consumers' Personal Information.

8  572.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems

9  were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in

10  business and it would have been forced to adopt reasonable data security measures and comply

11  with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and

12  valuable Personal Information regarding millions of consumers including Plaintiffs and Tennessee

13  Subclass members.

14  573.    Defendant accepted the responsibility of being a "steward of data" while keeping

15  the inadequate state of its security controls secret from the public.

16  574.    Plaintiffs and Tennessee Subclass members acted reasonably in relying on

17  Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

18  575.    Defendant had a duty to disclose the above facts due to the circumstances of this

19  case, the sensitivity and extensiveness of the Personal Information in its possession, and the

20  generally accepted professional standards. This duty arose because members of the public,

21  including Plaintiffs and Tennessee Subclass have trust and confidence in Defendant. In addition,

22  such a duty is implied by law due to the nature of the relationship between consumers, including

23

24

CLASS ACTION COMPLAINT
Case No.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1  Plaintiffs and Tennessee Subclass, and Defendant because consumers are unable to fully protect

2  their interests with regard to their data, and placed trust and confidence in Defendant.

3       576.    Defendant's duty to disclose also arose from its:

4          a.   Possession of exclusive knowledge regarding the security of the data in its

5              systems;

6          b.   Active concealment of the state of its security; and/or

7          c.   Incomplete representations about the security and integrity of its computer and

8              data systems, and its prior data breaches, while purposefully withholding

9              material facts from Plaintiffs and Tennessee Subclass that contradicted these

10              representations.

11       577.    Defendant's "unfair" acts and practices caused or were likely to cause substantial

12  injury to consumers, which was not reasonably avoidable by consumers themselves and not

13  outweighed by countervailing benefits to consumers or to competition.

14       578.    The injury to consumers was and is substantial because it was nontrivial and non-

15  speculative and involved a monetary injury and/or an unwarranted risk to the safety of their

16  Personal Information or the security of their identity or credit. The injury to consumers was

17  substantial not only because it inflicted harm on a significant and unprecedented number of

18  consumers, but also because it inflicted a significant amount of harm on each consumer.

19       579.    Consumers could not have reasonably avoided injury because Defendant's business

20  acts and practices unreasonably created or took advantage of an obstacle to the free exercise of

21  consumer decision-making. By withholding important information from consumers about the

22  inadequacy of its data security, Defendant created an asymmetry of information between it and

23  consumers that precluded consumers from taking action to avoid or mitigate injury.

24

CLASS ACTION COMPLAINT
Case No.

-133-

580.    Defendant's inadequate data security had no countervailing benefit to consumers or to competition.

581.    By misrepresenting and omitting material facts about its data security and failing to comply with its common law and statutory duties pertaining to data security (including its duties under the FTC Act), Defendant violated the following provisions of Tenn. Code § 47-18-104(b):

      a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities that they do not have;

      b.    Representing that goods or services are of a particular standard, quality or grade, if they are of another;

      c.    Advertising goods or services with intent not to sell them as advertised; and

      d.    Representing that a consumer transaction confers or involves rights, remedies or obligations that it does not have or involve.

582.    Defendant acted intentionally, knowingly, and maliciously to violate Tennessee's Consumer Protection Act, and recklessly disregarded Plaintiffs and Tennessee Subclass members' rights.

583.    As a direct and proximate result of Defendant's unfair and deceptive acts or practices, Plaintiffs and Tennessee Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

584.    Defendant's violations present a continuing risk to Plaintiffs and Tennessee Subclass members as well as to the general public.

CLASS ACTION COMPLAINT
Case No.
-134-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

585.    Plaintiffs and Tennessee Subclass members seek injunctive relief, declaratory relief, attorneys' fees and costs, and any other relief that is necessary and proper.

## CLAIMS ON BEHALF OF THE UTAH SUBCLASS

## COUNT 40

### *UTAH CONSUMER SALES PRACTICES ACT*

**Utah Code Ann. §§ 13-11-1, *et seq.***

586.    Utah Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Utah Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

587.    Defendant is a "person," as defined by Utah Code Ann. § 13-11-1(5).

588.    Defendant is a "supplier," as defined by Utah Code Ann. § 13-11-1(6), because it regularly solicits, engages in, or enforces "consumer transactions," as defined by Utah Code Ann. § 13-11-1(2).

589.    Defendant engaged in deceptive and unconscionable acts and practices in connection with consumer transactions, in violation of Utah Code Ann. § 13-11-4 and Utah Code Ann. § 13-11-5, including:

    a.    Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Utah Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

    b.    Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

CLASS ACTION COMPLAINT
Case No.
-135-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

    c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Utah Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and the Utah Protection of Personal Information Act, Utah Code Ann. § 13-44- 201, which was a direct and proximate cause of the Breach;

    d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Utah Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

    e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Utah Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, and the Utah Protection of Personal Information Act, Utah Code Ann. § 13-44-201;

    f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Subclass members' Personal Information; and

    g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 and the Utah Protection of Personal Information Act, Utah Code Ann. § 13-44-201.

590.   Defendant intended to mislead Plaintiffs and Utah Subclass members and induce them to rely on its misrepresentations and omissions.

591.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

592.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and Utah Subclass members.

593.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

594.    Plaintiffs and Utah Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

595.    Defendant had a duty to disclose the above facts due to the circumstances of this case, the sensitivity and extensiveness of the Personal Information in its possession, and the generally accepted professional standards. In addition, such a duty is implied by law due to the nature of the relationship between consumers, including Plaintiffs and Utah Subclass, and Defendant because consumers are unable to fully protect their interests with regard to their data, and placed trust and confidence in Defendant.

596.    Defendant's duty to disclose also arose from its:

    a.   Possession of exclusive knowledge regarding the security of the data in its
         systems;

    b.   Active concealment of the state of its security; and/or

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

c.  Incomplete representations about the security and integrity of its computer and data systems, and its prior data breaches, while purposefully withholding material facts from Plaintiffs and Utah Subclass that contradicted these representations.

597.  Defendant intentionally or knowingly engaged in deceptive acts or practices, violating Utah Code Ann. § 13-11-4(2) by:

a.  Indicating that the subject of a consumer transaction has sponsorship, approval, performance characteristics, accessories, uses, or benefits, if it has not;

b.  Indicating that the subject of a consumer transaction is of a particular standard, quality, grade, style, or model, if it is not;

c.  Indicating that the subject of a consumer transaction has been supplied in accordance with a previous representation, if it has not; and

d.  Indicating that the subject of a consumer transaction will be supplied in greater quantity (e.g. more data security) than the supplier intends.

598.  Defendant engaged in unconscionable acts and practices that were oppressive and led to unfair surprise, as shown in the setting, purpose, and effect of those acts and practices. Defendant's acts and practices unjustly imposed hardship on Plaintiffs and Utah Subclass by imposing on them, through no fault of their own, an increased and imminent risk of fraud and identity theft; substantial cost in time and expenses related to monitoring their financial accounts for fraudulent activity; and lost value of their Personal Information. The deficiencies in Defendant's data security, and the material misrepresentations and omissions concerning those deficiencies, led to unfair surprise to Plaintiffs and Utah Subclass when the Breach occurred.

CLASS ACTION COMPLAINT
Case No.
-138-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

599.    In addition, there was an overall imbalance in the obligations and rights imposed by the consumer transactions in question, based on the mores and industry standards of the time and place where they occurred. Societal standards required Defendant to adequately secure Personal Information in its possession. There is a substantial imbalance between the obligations and rights of consumers, such as Plaintiffs and Utah Subclass and Defendant, which has complete control over the Personal Information in its possession. Industry standards also dictate that Defendant adequately secure the Personal Information in its possession.

600.    Defendant's acts and practices were also procedurally unconscionable because consumers, including Plaintiffs and Utah Subclass, had no practicable option but to have their Personal Information stored in Defendant's systems. Defendant exploited this imbalance in power, and the asymmetry of information about its data security, to profit by inadequately securing the Personal Information in its systems.

601.    As a direct and proximate result of Defendant's unconscionable and deceptive acts or practices, Plaintiffs and Utah Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

602.    Defendant's violations present a continuing risk to Plaintiffs and Utah Subclass members as well as to the general public.

603.    Plaintiffs and Utah Subclass members seek all monetary and nonmonetary relief allowed by law, including actual damages, statutory damages of $2,000 per violation, amounts

CLASS ACTION COMPLAINT
Case No.
-139-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    necessary to avoid unjust enrichment, under Utah Code Ann. §§ 13-11-19, *et seq.*; injunctive relief;

2    and reasonable attorneys' fees and costs.

### CLAIMS ON BEHALF OF THE VIRGINIA SUBCLASS

### COUNT 41

### *VIRGINIA CONSUMER PROTECTION ACT*

### Va. Code Ann. §§ 59.1-196, *et seq.*

604.    Virginia Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count), individually and on behalf of the Virginia Subclass, repeat and allege all previous Paragraphs, as if fully alleged herein.

605.    The Virginia Consumer Protection Act prohibits "[u]sing any . . . deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction." Va. Code Ann. § 59.1-200(14).

606.    Defendant is a "person" as defined by Va. Code Ann. § 59.1-198.

607.    Defendant is a "supplier," as defined by Va. Code Ann. § 59.1-198.

608.    Defendant engaged in the complained-of conduct in connection with "consumer transactions" with regard to "goods" and "services," as defined by Va. Code Ann. § 59.1-198. Defendant advertised, offered, or sold goods or services used primarily for personal, family or household purposes.

609.    Defendant engaged in deceptive acts and practices by using deception, fraud, false pretense, false promise, and misrepresentation in connection with consumer transactions, including:

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Virginia Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Virginia Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45 which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Virginia Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Virginia Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Virginia Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

CLASS ACTION COMPLAINT
Case No.

-141-

Plaintiffs and Virginia Subclass members' Personal Information, including

duties imposed by the FTC Act, 15 U.S.C. § 45.

610.    Defendant intended to mislead Plaintiffs and Virginia Subclass members and induce them to rely on its misrepresentations and omissions.

611.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers, including Plaintiffs and Virginia Subclass members, about the adequacy of Defendant's computer and data security and the quality of Defendant's brand.

612.    Had Defendant disclosed to Plaintiffs and Subclass members that its data systems were not secure and, thus, vulnerable to attack, Defendant would have been unable to continue in business and it would have been forced to adopt reasonable data security measures and comply with the law. Instead, Defendant held itself out as secure and was trusted with sensitive and valuable Personal Information regarding millions of consumers, including Plaintiffs and Virginia Subclass members.

613.    Defendant accepted the responsibility of being a "steward of data" while keeping the inadequate state of its security controls secret from the public.

614.    Plaintiffs and Virginia Subclass members acted reasonably in relying on Defendant's misrepresentations and omissions, the truth of which they could not have discovered.

615.    Defendant had a duty to disclose these facts due to the circumstances of this case, the sensitivity and extensiveness of the Personal Information in its possession, and generally accepted professional standards. In addition, such a duty is implied by law due to the nature of the relationship between consumers—including Plaintiffs and Virginia Subclass—and Defendant, because consumers are unable to fully protect their interests with regard to their data, and placed trust and confidence in Defendant.

CLASS ACTION COMPLAINT
Case No.

-142-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

616.    Defendant's duty to disclose also arose from its:

    a.    Possession of exclusive knowledge regarding the security of the data in its systems;

    b.    Active concealment of the state of its security; and/or

    c.    Incomplete representations about the security and integrity of its computer and data systems, and its prior data breaches, while purposefully withholding material facts from Plaintiffs and Virginia Subclass that contradicted these representations.

617.    The above-described deceptive acts and practices also violated the following provisions of VA Code § 59.1-200(A):

    a.    Misrepresenting that goods or services have certain qualities, characteristics, ingredients, uses, or benefits;

    b.    Misrepresenting that goods or services are of a particular standard, quality, grade, style, or model; and

    c.    Advertising goods or services with intent not to sell them as advertised, or with intent not to sell them upon the terms advertised.

618.    Defendant acted intentionally, knowingly, and maliciously to violate Virginia's Consumer Protection Act, and recklessly disregarded Plaintiffs and Virginia Subclass members' rights. An award of punitive damages would serve to punish Defendant for its wrongdoing and warn or deter others from engaging in similar conduct.

619.    As a direct and proximate result of Defendant's deceptive acts or practices, Plaintiffs and Virginia Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including

CLASS ACTION COMPLAINT
Case No.
-143-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1   from fraud and identity theft; time and expenses related to monitoring their financial accounts for

2   fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of

3   their Personal Information.

4       620.   Defendant's violations present a continuing risk to Plaintiffs and Virginia Subclass

5   members as well as to the general public.

6       621.   Plaintiffs and Virginia Subclass members seek all monetary and nonmonetary relief

7   allowed by law, including actual damages; statutory damages in the amount of $1,000 per violation

8   if the conduct is found to be willful or, in the alternative, $500 per violation; restitution, injunctive

9   relief; punitive damages; and attorneys' fees and costs.

10   <strong><u>CLAIMS ON BEHALF OF THE WASHINGTON SUBCLASS</u></strong>

11   <strong><u>COUNT 42</u></strong>

12   <strong><em>WASHINGTON CONSUMER PROTECTION ACT</em></strong>

13   <strong>Wash. Rev. Code Ann. §§ 19.86.020, <em>et seq.</em></strong>

14       622.   Washington Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

15   individually and on behalf of the Nationwide Class or in the alternative the Washington Subclass)

16   repeat and allege all previous Paragraphs, as if fully alleged herein.

17       623.   Defendant is a "person," as defined by Wash. Rev. Code Ann. § 19.86.010(1).

18       624.   Defendant advertised, offered, or sold goods or services in Washington and

19   engaged in trade or commerce directly or indirectly affecting the people of Washington, as defined

20   by Wash. Rev. Code Ann. § 19.86.010 (2).

21       625.   Defendant engaged in unfair or deceptive acts or practices in the conduct of trade

22   or commerce, in violation of Wash. Rev. Code Ann. § 19.86.020, including:

23

24

CLASS ACTION COMPLAINT
Case No.
-144-

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Washington Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Washington Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Washington Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Washington Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Washington Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1    Plaintiffs and Washington Subclass members' Personal Information, including

2    duties imposed by the FTC Act, 15 U.S.C. § 45.

3    626.    Defendant's representations and omissions were material because they were likely

4    to deceive reasonable consumers about the adequacy of Defendant's data security and ability to

5    protect the confidentiality of consumers' Personal Information.

6    627.    Defendant acted intentionally, knowingly, and maliciously to violate Washington's

7    Consumer Protection Act, and recklessly disregarded Plaintiffs and Washington Subclass

8    members' rights.

9    628.    Defendant's conduct is injurious to the public interest because it violates Wash.

10   Rev. Code Ann. § 19.86.020, violates a statute that contains a specific legislative declaration of

11   public interest impact, and/or injured persons and had and has the capacity to injure persons.

12   Further, its conduct affected the public interest, including the millions of consumers, including

13   Plaintiffs and Washington Subclass members affected by the Breach.

14   629.    As a direct and proximate result of Defendant's unfair methods of competition and

15   unfair or deceptive acts or practices, Plaintiffs and Washington Subclass members have suffered

16   and will continue to suffer injury, ascertainable losses of money or property, and monetary and

17   non-monetary damages, including from fraud and identity theft; time and expenses related to

18   monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud

19   and identity theft; and loss of value of their Personal Information.

20   630.    Plaintiffs and Washington Subclass members seek all monetary and non-monetary

21   relief allowed by law, including actual damages, treble damages, injunctive relief, civil penalties,

22   and attorneys' fees and costs.

23                    **CLAIMS ON BEHALF OF THE WISCONSIN SUBCLASS**

24

CLASS ACTION COMPLAINT
Case No.                                                    -146-

1

## COUNT 43

2

### *WISCONSIN DECEPTIVE TRADE PRACTICES ACT*

3

### Wis. Stat. § 100.18, *et. seq.*

4      631.   Wisconsin Plaintiff(s) identified above ("Plaintiffs," for purposes of this Count),

5  individually and on behalf of the Wisconsin Subclass, repeat and allege all previous Paragraphs,

6  as if fully alleged herein.

7      632.   Defendant is a "person, firm, corporation or association," as defined by Wis. Stat.

8  § 100.18(1).

9      633.   Plaintiffs and Wisconsin Subclass members are members of "the public," as defined

10  by Wis. Stat. § 100.18(1).

11      634.   With intent to sell, distribute, or increase consumption of merchandise, services, or

12  anything else offered by Defendant to members of the public for sale, use, or distribution,

13  Defendant made, published, circulated, placed before the public or caused (directly or indirectly)

14  to be made, published, circulated, or placed before the public in Wisconsin advertisements,

15  announcements, statements, and representations to the public which contained assertions,

16  representations, or statements of fact which are untrue, deceptive, and/or misleading, in violation

17  of Wis. Stat. § 100.18(1).

18      635.   Defendant also engaged in the above-described conduct as part of a plan or scheme,

19  the purpose or effect of which was to sell, purchase, or use merchandise or services not as

20  advertised, in violation of Wis. Stat. § 100.18(9).

21      636.   Defendant's deceptive acts, practices, plans, and schemes include:

22

23

24

CLASS ACTION COMPLAINT
Case No.

-147-

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

a.  Failing to implement and maintain reasonable security and privacy measures to protect Plaintiffs and Wisconsin Subclass members' Personal Information, which was a direct and proximate cause of the Breach;

b.  Failing to identify foreseeable security and privacy risks and remediate identified security and privacy risks, which was a direct and proximate cause of the Breach;

c.  Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Wisconsin Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, which was a direct and proximate cause of the Breach;

d.  Misrepresenting that it would protect the privacy and confidentiality of Plaintiffs and Wisconsin Subclass members' Personal Information, including by implementing and maintaining reasonable security measures;

e.  Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiffs and Wisconsin Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45;

f.  Omitting, suppressing, and concealing the material fact that it did not reasonably or adequately secure Plaintiffs and Wisconsin Subclass members' Personal Information; and

g.  Omitting, suppressing, and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of

CLASS ACTION COMPLAINT
Case No.
-148-
IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

Plaintiffs and Wisconsin Subclass members' Personal Information, including duties imposed by the FTC Act, 15 U.S.C. § 45.

637.    Defendant intended to mislead Plaintiffs and Wisconsin Subclass members and induce them to rely on its misrepresentations and omissions.

638.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Personal Information.

639.    Defendant had a duty to disclose the above-described facts due to the circumstances of this case, the sensitivity and extensiveness of the Personal Information in its possession, and generally accepted professional standards. This duty arose because members of the public, including Plaintiffs and Wisconsin Subclass members, have a trust and confidence in Defendant. In addition, such a duty is implied by law due to the nature of the relationship between consumers—including Plaintiffs and Wisconsin Subclass members—and Defendant, because consumers are unable to fully protect their interests with regard to their data, and placed trust and confidence in Defendant.

640.    Defendant's duty to disclose also arose from its:

a.    Possession of exclusive knowledge regarding the security of the data in its systems;

b.    Active concealment of the state of its security; and/or

c.    Incomplete representations about the security and integrity of its computer and data systems, and its prior data breaches, while purposefully withholding material facts from Plaintiffs and Wisconsin Subclass members that contradicted these representations.

CLASS ACTION COMPLAINT
Case No.

-149-

641.    Defendant's failure to disclose the above-described facts is the same as actively representing that those facts do not exist.

642.    Defendant acted intentionally, knowingly, and maliciously to violate the Wisconsin Deceptive Trade Practices Act, and recklessly disregarded Plaintiffs and Wisconsin Subclass members' rights.

643.    As a direct and proximate result of Defendant's deceptive acts or practices, Plaintiffs and Wisconsin Subclass members have suffered and will continue to suffer injury, ascertainable losses of money or property, and monetary and non-monetary damages, including from fraud and identity theft; time and expenses related to monitoring their financial accounts for fraudulent activity; an increased, imminent risk of fraud and identity theft; and loss of value of their Personal Information.

644.    Defendant had an ongoing duty to its customers to refrain from deceptive acts, practices, plans, and schemes under Wis. Stat. § 100.18.

645.    Plaintiffs and Wisconsin Subclass members seek all monetary and nonmonetary relief allowed by law, including damages, reasonable attorneys' fees, and costs under Wis. Stat. § 100.18(11)(b)(2), injunctive relief, and punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, for themselves and Class Members, respectfully request that (i) this action be certified as a class action, (ii) Plaintiffs be designated the Class Representatives, and (iii) Plaintiffs' counsel be appointed as Class Counsel. Plaintiffs, for themselves and Class Members, further request that upon final trial or hearing, judgment be awarded against Defendant, in Plaintiffs' favor for:

CLASS ACTION COMPLAINT
Case No.

IDE LAW OFFICE
7900 SE 28TH STREET, SUITE 500
MERCER ISLAND, WA  98040
TEL.: (206) 625-1326

1        a.   Compensatory and punitive damages in an amount to be determined by the trier

2            of fact;

3        b.   Declaratory and injunctive relief (as set forth above);

4        c.   Attorneys' fees, litigation expenses and costs of suit incurred through the trial

5            and any appeals of this case;

6        d.   Pre- and post-judgment interest on any amounts awarded; and

7        e.   Such other and further relief the Court deems just and proper.

8  **JURY DEMAND**

9      Plaintiffs, individually and on behalf of Class Members, respectfully demand a trial by jury

10  on all of their claims and causes of action so triable.

11

12      Dated: March 6, 2020               Respectfully submitted,

13                           /s/ *Matthew J. Ide*, WSBA No. 26002
                         **IDE LAW OFFICE**

14                           Matthew J. Ide, WSBA No. 26002
                         7900 SE 28th Street, Suite 500

15                           Mercer Island, WA  98040
                         Tel.: (206) 625-1326

16                           Fax: (206) 622-0909
                         mjide@yahoo.com

17                           **WHITFIELD BRYSON & MASON LLP**

18                           Gary E. Mason*
                         5101 Wisconsin Ave., NW, Ste. 305

19                           Washington, DC 20016
                         Phone: 202.640.1160

20                           Fax: 202.429.2294
                         gmason@wbmllp.com

21

22

23

24

1

2          **KOZONIS & KLINGER, LTD.**
           Gary M. Klinger*
3          227 W. Monroe St., Ste. 2100
           Chicago, IL 60606
4          Phone: 312.283.3814
           Fax: 773.496.8617
5          gklinger@kozonislaw.com

6          **LEVIN SEDRAN & BERMAN, LLP**
           Charles E. Schaffer*
7          David C. Magagna, Jr.*
           510 Walnut Street, Suite 500
8          Philadelphia, PA  19106
           Telephone: (215) 592-1500
9          Facsimile: (215) 592-4663
           cschaffer@lfsblaw.com
10         dmagagna@lfsblaw.com

11         **GOLDENBERG SCHNEIDER, L.P.A.**
           Jeffrey S. Goldenberg
12         Todd B. Naylor
           One West 4th Street, 18th Floor
13         Cincinnati, Ohio 45202-3604
           Tel: (513) 345-8291
14         Fax: (513) 345-8294
           jgoldenberg@gs-legal.com
15         tnaylor@gs-legal.com

16         *pro hac vice forthcoming*

17         *Attorneys for Plaintiffs and*
           *the Proposed Classes*

18

19

20

21

22

23

24

CLASS ACTION COMPLAINT
Case No.
                                    -152-